## Kirby *versus* Pennsylvania Railroad Co.

1. The Act of April 4th 1868, providing that any person sustaining injury, &c., while lawfully engaged on or about roads, depots, &c., of a railroad company, or about any car or train therein or thereon of which company such person is not an employee, shall have only the same right of action as he would have if he were an employee, is constitutional.

2. The act is a police regulation, forbidding individuals from undertaking a dangerous employment except at their own risk, as if they were in the immediate employ of the railroad company.

3. The liability of a railroad company for the acts and omissions of others, although their servants, is an offspring of law.    The negligence is not theirs but only an imputation of law.

4. The law can remove the imputation of negligence from the master and let it remain with the servant who causes the injury.

November 20th 1874.    Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Error to the Court of Common Pleas of *Mercer county :* Of October and November Term 1874, No. 290.

This was an action on the case, commenced January 30th 1873, by James Kirby against The Pennsylvania Company operating The Erie and Pittsburg Railroad.

The cause of action alleged was the injury to the plaintiff by the negligence of the defendants' servants in allowing a train of cars to run against the train on which the plaintiff was lawfully employed, throwing him off his train by the shock and seriously injuring him.

[Kirby *v*. Pennsylvania Railroad Co.]

The testimony taken and filed by the court having been lost or mislaid, the following facts were admitted by the parties :—

1. That the Erie and Pittsburg Railroad runs through the borough of Sharon in a northerly direction, and was, with the switch hereinafter described, in the sole possession, and under the exclusive control of the defendants at the time of the injury complained of.

2. That at the same time there was a coal railroad commencing a few miles east of the defendants' road, and terminating within a few rods east thereof, and known as the Sharon and Greenfield Railroad.

3. That the defendants had constructed a switch from their main road, as shown by the accompanying map, to the terminus of said last-mentioned road, and were, at the time of the accident hereinafter described, transporting to market the coal passing over said Sharon and Greenfield Railroad.

4. That the only relation between said roads was solely of a business character.

5. That on the —— day of June 1872, the plaintiff not being the servant of the defendants, by contract, express or implied, but being engaged in the service of other parties on said switch in loading coal for transportation by the defendants as aforesaid, was severely injured in several parts of his body, and especially in one of his arms, which is, in all probability, permanently disabled, and which injury happened as follows : A large train of cars laden with limestone became disengaged from the locomotive some distance north of the northern terminus of said switch, and running south on a steep down grade, without sufficient brakesmen thereon to control it, passed into said switch, accidentally left open, and ran with great force against a train of coal-cars on which the plaintiff was lawfully standing with his face to the south, and which collision caused the injury complained of.

"October 24th 1873, judgment of nonsuit was entered, and leave granted to move to take it off within four days."

The motion was overruled.

The plaintiff took a writ of error.

He assigned for error the entering of the nonsuit and the refusal to take it off.

The Act of April 4th 1868, sect. 1 (Pamph. L. 58, 2 Br. Purd. 1094, pl. 5), which was considered in this case, is as follows :—

"That when any person shall sustain personal injury or loss of life while lawfully engaged or employed on or about the roads, works, depots and premises of a railroad company, or in or about any train or car therein, or thereon, of which company such person is not an employee, the right of action and recovery in all such cases against the company shall be such only as would exist if such

person were an employee: provided, that this section shall not apply to passengers."

The contention of the plaintiff in error was that this act was unconstitutional.

*McDermitt & Miller* and *McClure & Mason,* for plaintiff in error

*Griffith & Mason,* for defendants in error.

Chief Justice AGNEW delivered the opinion of the court, January 4th 1875.

The Sharon and Greenfield Railroad is a coal railway, terminating above grade near to a side track of the Erie and Pittsburg Railroad. The cars of the latter are run out upon the side track to receive the coal from the former, by means of schutes from above. The plaintiff was employed, not by the Erie and Pittsburg Railroad Company, or its lessees, but by others, to assist in running the coal through the schutes into the cars below, standing on the side track. While so engaged, and standing on a car, directing the movement of the coal into the car, a train of cars laden with limestone, becoming disengaged from a locomotive drawing it away, ran off down grade, and entered the side track, the switch of which had been left open by the servants of the defendants running out the side track; the limestone train struck the coal-cars standing on the side track with great violence, throwing the plaintiff off the car on which he was engaged, and injuring him badly. An action for this injury was brought against the Pennsylvania Company, the lessees operating the Erie and Pittsburg Railroad. On the trial the plaintiff was nonsuited under the terms of the first section of the Act of 4th April 1868, Pamph. L. 58, in these words: "That when any person shall sustain personal injury, or loss of life, while lawfully engaged or employed on or about the roads, works, depots and premises of a railway company, or in or about any train or car therein or thereon, of which company such person is not an employee, the right of action and recovery in all such cases against the company shall be such only as would exist if such person were an employee. Provided, that this section shall not apply to passengers." Is this a valid law? Had the legislature the power to pass it? The case of the plaintiff evidently falls within its terms. The propriety of the law is not a question before us. If the legislature had the constitutional power to pass it, repeal is the only mode of annulling it. It may be conceded that the natural rights of men, among them that of personal security, are guarded by the Bill of Rights, and "that all courts shall be open, and every man for an injury done him, in his lands, goods, person and reputation, shall have remedy by due

[Kirby v. Pennsylvania Railroad Co.]

course of law, and right and justice administered without sale, denial or delay." But in what respect does this law trench upon this guaranty, or indeed on any other in the Constitution? The person to be affected by it must be one *lawfully engaged or employed* on or about the road, &c. To be thus engaged he must be there *by his own consent.* He is therefore voluntarily there, to perform some act or business connected with the road or its works. He knowingly assumes a relation regulated by the law, and thus places himself under the operation of the law, which governs the relation. He is not bound to assume the relation, and when he does he acts with his eyes open. The law is not retrospective, and takes from him no remedy for an injury already sustained. The relation he assumes is one of danger, and the fact of danger authorizes the regulation by the state, as the conservator of the lives, security and property of her citizens. It is a police regulation, which, having respect to the general good, forbids individuals from undertaking a dangerous employment, except at their own risk, to the same extent as if they were in the immediate employment of the railroad company. Leaving each one to assert his proper remedy against the person whose act or negligence does him the injury, the law says to him that the legal principle of *respondeat superior* shall have no place in this particular relation; that as a matter of proper policy for the good of all, those who voluntarily venture into employment alongside of the servants of a railroad company, shall have just the same remedies for injuries happening in the employment that these have, and none other. In doing this, no fundamental right of the person thus voluntarily venturing is cut off or struck down. The liability of the company for the acts or omissions of others, though they be servants, is only an offspring of law. The negligence which injures is not theirs in fact, but is so only by imputation of law. The law which thus imputes it to the company, for reasons of policy, can remove the imputation from the master and let it remain with the servant, whose negligence causes the injury. It is unnecessary to refer to the long line of decisions, asserting the general power of legislation when unforbidden in the Constitution. Finding no prohibition against such a regulation of persons lawfully engaged or employed upon a railroad or its works, the section quoted of the Act of 1868 is not unconstitutional.

The judgment is therefore affirmed.