## Ricard *versus* North Pennsylvania Railroad Co.

The Act of April 4th 1868 provides that when any person shall sustain personal injury or loss of life, while lawfully engaged or employed on or about the roads, works, depots and premises of a railroad company, his right of action against said company shall be such only as belongs to an employee in like cases. *Held,* that the act applied to one who was injured while unloading his own goods from the cars of the company, permission to do which had been granted by the agent of the company.

February 19th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas, No. 2, of *Philadelphia county:* Of January Term 1877, No. 224.

Case by Henry Ricard against the North Pennsylvania Railroad Company, to recover damages for injuries alleged to have been caused by the negligence of defendant.

Plaintiff and one Fretts went to Sellersville station, on the North Pennsylvania Railroad, to receive and take away wood piping which had been sent to that place for them on the cars of the defendant. The agent of the company showed them where the pipe was in a box car standing on the siding off the main track. By permission of the defendants plaintiff entered into the car, and was handing out the pipe to Fretts, who was loading it in a wagon backed up against the car. While they were so engaged removing their goods, a number of cars which had been detached from a locomotive were shunted on the siding, violently striking the car from which plain-

8 NORRIS—13

[Ricard *v.* North Pennsylvania Railroad Co.]

tiff was removing his goods, knocking him over and inflicting the injuries of which complaint was made.

The defendant offered no testimony, and there was a verdict for the plaintiff, subject to the opinion of the court, Hare, P. J., upon the question reserved whether the plaintiff could recover under the Act of April 4th 1868, Pamph. L. 58. The section of the act referred to will be found in the opinion of this court. The court in banc entered judgment for the defendant on the point reserved, when plaintiff took this writ, and assigned this action for error.

*Lewis D. Vail* and *R. C. McMurtrie*, for plaintiff in error.— The act was intended to meet the case that arises when one railroad makes use of the railroad and premises of another. It was intended to apply to those who were engaged or employed on the work of the road or roads. Where there is a common-law liability, and an Act of Assembly releases that liability unless certain circumstances are set up, it is incumbent upon the party who thus sets up the act to show that the plaintiff is within the circumstances, otherwise the railroad here would be released from all liability except to passengers. If plaintiff was a wrongdoer, no liability was on the company. If he was there lawfully, and no liability accrued, then our contention is right. The act meant to put all persons engaged in the management of trains, no matter by whom engaged, on a common plane as fellow servants. To give the act any other construction would be to say that persons obliged to go to a railway depot would be in the position of fellow servants or of employees.

*J. McGregor Gibb* and *William Rotch Wister*, for defendant in error.—The act applies to a class of persons lawfully engaged or employed. There is no reference to other companies' employees in the act. The act has received judicial construction : Mulherrin *v.* Railroad Co., 31 P. F. Smith 356 ; Kirby *v.* Railroad Co., 26 Id. 506 ; Gerard *v.* Pennsylvania Railroad Co., 5 W. N. C. 251. See also Wyatt *v.* Great Western Railroad Co., 6 B. & S. 709 ; Crutey *v.* Railway Co., 3 Thomp. & Cook 244.

Mr. Justice GORDON delivered the opinion of the court, March 10th 1879.

Whatever else may be said of the Act of April 4th 1868, Pamph. L. 58, the charge of obscurity cannot be brought against it, neither can it be said that the legislative intent is not expressed with sufficient force. " When any person shall sustain personal injury or loss of life while lawfully engaged or employed on or about the roads, works, depots and premises of a railroad company, or in or about any train or car therein or thereon, of which company such person is not an employee, the right of action and recovery in such cases

[Ricard *v.* North Pennsylvania Railroad Co.]

against the company shall be such only as would exist if such person were an employee."

Nothing can be more clear than the intent herein expressed; this act includes "any person," old or young, male or female, yet care is, at the same time, taken, by the use of the words "lawfully engaged," to exclude any possible presumption which otherwise might arise in favor of a trespasser. Then again, the comprehensive words "engaged or employed" are used in order to embrace every imaginable manner by which any one may or might be brought in, upon or about the roadway, cars or works of a railroad company. Nor is the proviso itself without significance as to the intent of the body of the act, for the sweeping character of the preceding provisions is recognised in that a specific exemption in favor of passengers · was regarded as necessary.

There is no room for doubt, therefore, but that this act does take up the plaintiff's case. He was "lawfully engaged" on the car of the company defendant in unloading his own goods. He might have waited until they were deposited, by the company's servants, upon the platform or in the warehouse, when he might have received them without risk; he, however, voluntarily preferred to put himself in the position, and assume the duties of an employee, and so has brought himself directly within the provisions of the statute. In the language used in the case of Kirby *v.* Pennsylvania Railroad Co., 26 P. E. Smith 506, he knowingly assumed the relation regulated by law, and thus placed himself under the operation of the law which governs that relation.

The judgment is affirmed.

Justices MERCUR, WOODWARD and TRUNKEY dissented.