104  511
132  208

# Richter *versus* The Pennsylvania Company.

1. The Act of April 4th 1868 (P. L. 58), applies to the case of persons lawfully engaged on or about a railroad, in a business directly connected with the railroad; but it does not apply to one who, in the attempted exercise of a lawful right to cross a railroad, suffers injury while attempting to remove cars which obstructed his passage.

2. A. was employed in a rolling mill, to haul ashes from the furnace to a cinder pile on the opposite side of a railroad switch within the mill yard.     While moving some empty cars, which, standing on the switch, blocked his way, an engine came on the switch, and, without warning, pushed the cars together and crushed and killed A.

*Held,* that the Act of April 4th 1868, did not apply to this case, the deceased, when killed, not having been engaged in any business connected with the railroad, but merely attempting to exercise his right to cross the same.

November 3d 1883.     Before MERCUR, C. J., GORDON, PAXSON, STERRETT, GREEN and CLARK, JJ.     TRUNKEY, J., absent.

ERROR to the Court of Common Pleas No. 1 of *Allegheny county :* Of October and November Term 1883, No. 163.

Case, by Amelia Richter, widow of Frank Richter, deceased, as well for herself as for Frank Richter, Jr., minor child of said Frank Richter, deceased, against The Pennsylvania Company, operating the Pittsburgh, Fort Wayne and Chicago Railway, to recover damages for the death of said Frank Richter, caused, as alleged, by the negligence of the defendant's servants.

On the trial, before STOWE, P. J., the plaintiff's evidence showed the following facts : The deceased was employed in the rolling mill of Oliver Bros. to haul ashes from the furnace to a cinder pile, which was on the opposite side of a switch of defendants' railway, which ran into the mill.     While so employed, finding his way across the switch obstructed by empty cars standing thereon, he uncoupled them, and, while moving

some of them, an engine ran on the switch and pushed the cars together, whereby the deceased was crushed to death. The alleged negligence consisted in the omission of the man in charge of the engine to give any warning of its approach by ringing the bell or whistling.

The court, on motion, granted a non-suit, on the ground that the Act of April 4th 1868 applied to the case, the deceased having been "lawfully engaged" on or about the railway of defendants; and the court subsequently refused to take off the non-suit: whereupon the plaintiffs took this writ of error, assigning for error the said action of the court.

*A. M. Watson*, for the plaintiff in error.

*Dalzell* (*Hampton* with him), for the defendant in error.

Mr. Justice GORDON delivered the opinion of the court, January 7th 1884.

On and before the 19th of November 1881, Frank Richter, the deceased, was employed in and about the rolling mill of the Oliver Brothers. Leading into this mill there was a switch or side track, from the defendant's railway, on which, as necessity required, the cars of the company were run for the purpose of carrying material to and from the said mill, or iron works.

Richter's business was to haul, or assist in hauling, in a hand vehicle, called a buggy, ashes and cinders from the furnaces in the mill, across the switch above mentioned, to that part of the grounds of the firm set apart for their reception, and, as the proof is, the decedent and his brother had, in this manner, hauled these ashes and cinders on the same line or way, for a period of nine months before the accident. On the morning of the day above stated, whilst Richter was thus engaged, he found his way across the switch blocked by some unattached and empty cars. These he uncoupled and attempted to move them out of his way, and whilst so employed an engine, approaching without warning of any kind, struck the cars that were behind him, forced them upon those he was pushing, and so crushed the life out of him. The court below was of the opinion that as this man was, at the time of his death, engaged on a railroad, and about a car thereof, the case was embraced by the provisions of the Act of April 4th 1868, hence, directed a peremptory non-suit. In support of this ruling three cases are cited: Mulherrin *v.* Delaware, Lackawana and Western Railroad Co., 31 P. F. S. 376; Ricard *v.* Pennsylvania Railroad Co., 8 Nor. 195, and Cummings *v.* Pittsburgh, Cincinnati & St. Louis Railroad Co., 11 Nor. 82. In our

[Richter *v*. Pennsylvania Co.]

opinion neither of these meets the case in hand. In the first the plaintiff was injured whilst in the discharge of his duties as a brakeman upon the very road on which he was injured, though he was the employee of another company. In the second Ricard, the complainant, was hurt whilst engaged in unloading his own goods from one of the company's cars; and so likewise, in the third, the plaintiff was injured whilst employed in unloading of a car standing on the siding of a coal dealer. In all these cases there was an employment on or about the cars or track of a railroad company; that is, the persons were engaged in a business directly connected with the railroad; hence, as under the terms of the Act, they were discharging the duties of employees, they were to be regarded and treated as such. But the case in hand is one step in advance of these, and as we think, not embraced within the meaning of the Act of 1868. Richter's business was not with or about the railroad or its cars, but about the iron works of the Oliver Brothers, and even when moving the car, he was but engaged in removing an obstruction from his way. He had the right of way, and that independent of the railroad, and he became neither an employee, nor quasi employee, of the defendant, simply because he attempted to remove one of its cars from his path. Were we to sanction such a rule as this, we must also hold that a supervisor finding such an obstruction upon the crossing of a public road, may not attempt its removal without becoming a quasi employee of the company which has obstructed it, and taking upon himself the risks of such a position. The framers of the Act of 1868 certainly never contemplated such an interpretation of their work as this. But if the ruling of the court below be correct, it did not matter whether Richter was shoving a car out of his way, or merely crossing the track. In either case he would be employed on or about the road of a railroad company, hence, within the provisions of the Act. But we cannot think that a position of this kind can be sustained by either the letter or spirit of the statute. It can hardly be pretended that the Act was designed to embrace the case of one who may chance, in pursuit of his own business, to either walk or drive across a railroad whilst travelling along a public, or for that matter, a private way. But if not, neither can it embrace a laborer who attempts to cross such road with his barrow.

In neither case is such person employed on or about a railroad, but in and about his own business, on and about his own road, and if he finds an obstruction in any part of that road, he has the right to remove it. In this we do not undertake to say that Richter was justified in attempting to move the car at the time, or in the manner, this attempt was made. That depends

8 OUTERBRIDGE.—33

[Hilke ₹. Eisenbeis.]

upon the attendant circumstances of the case; and of this, and of all matters of a like character, a jury must judge.

Judgment reversed and a new venire awarded.