# WILLIAM STONE v. PENNSYLVANIA R. CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued January 22, 1890—Decided February 3, 1890.

(a) The yard-foreman of a refining company was injured through the alleged negligence of a railroad company's employees, while in the discharge of his duty separating a train of cars upon a siding in the refining company's yard:

1. The case was within the provisions of § 1, act of April 4, 1868, P. L. 58 : Mulherrin v. Railroad Co., 81 Pa. 366 ; Cummings v. Railway Co., 92 Pa. 82 ; Balt. & O. R. Co. v. Colvin, 118 Pa. 230, followed ; Richter v. Penna. Co., 104 Pa. 511, distinguished.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOL- LUM and MITCHELL, JJ.

No. 163 July Term 1889, Sup. Ct. ; court below, No. 488 December Term 1888, C. P. No. 4.

On December 12, 1885, William Stone brought trespass against the Pennsylvania Railroad Company, to recover damages for personal injuries received. Issue.

At the trial on May 15, 1889, the plaintiff introduced testimony claimed by him to establish the following facts:

The plaintiff was in the employ of the Atlantic Refining Company. A siding, owned by the refining company ran into their yard from the tracks of the defendant railroad. The plaintiff's duty was to keep the men in the yard employed, and to see that staves were carried into the barrel factory of the refining company, sufficient in number to keep the coopers employed. The stave pile was on one side of the siding, and the barrel factory on the other, and there was a path between the two for wheeling the staves from the pile to the factory. Where this path crossed the siding the tracks were boarded. The staves came over defendant's road in defendant's cars, and the cars were backed in on the siding by defendant's employees. Sometimes they would separate the cars so as to leave this path free, and sometimes they would not. If they did not, it was

Arguments.

plaintiff's duty to have it done by himself and the other employees of the refining company, and pinch-bars were kept by the refining company for that purpose. Plaintiff had often separated the cars in this way, and in fact, unless he did so the employees of the refining company would have been kept idle an indefinite time.

On November 16, 1885, the defendant's employees backed five cars in on the siding, obstructing the path, and indeed the whole yard. The conductor of the train was intoxicated. The engine had been released from the rest of the cars and had drawn away about a car's length. The plaintiff requested the conductor to separate the cars, so that the staves might be hauled from the stave pile to the factory. The conductor refused to do so, and told the plaintiff that if he wanted them separated he would have to do it himself. This continued for from twenty minutes to half an hour. Meanwhile, the hands in the yard and factory were idle. Finding that the conductor would not separate the cars, despite the repeated request to him to do so, plaintiff called to the men to get the pinch-bars so that he might open the path. The bars were brought, and plaintiff went between the cars to uncouple them. While he was there, the conductor beckoned the engineer to back down the engine, which the latter did and thereby forced together the cars between which the plaintiff was, and his arm was crushed.

Testimony was introduced on the part of the defendant to meet the case made out by the plaintiffs, and at the close of the testimony the court, ARNOLD, J., instructed the jury to find a verdict for the defendant, on the ground that the plaintiff, in the case made out by his testimony, was in the same position as an employee of the defendant company, and was subject to the provisions of § 1, act of April 4, 1868, P. L. 58.

A verdict for the defendant having been returned and judgment entered thereon, the plaintiff took this appeal, assigning the instruction to find for the defendant for error.

*Mr. Alexander Simpson, Jr.* (with him *Mr. Maxwell Stevenson*), for the appellant.

Counsel relied upon: Richter v. Penna. Co., 104 Pa. 511; distinguishing Ricard v. Railroad Co., 89 Pa. 193; Cummings

v. Railway Co., 92 Pa. 82; Mulherrin v. Railroad Co., 81 Pa.
366; Kirby v. Penna. R. Co., 76 Pa. 506.

*Mr. Geo. Tucker Bispham* (with him *Mr. Jno. Hampton
Barnes*), for the appellee.

Counsel relied upon Cummings v. Railway Co., 92 Pa. 86;
Balt. & O. R. Co. v. Colvin, 118 Pa. 230; Mulherrin v. Rail-
road Co., 81 Pa. 366, distinguishing Richter v. Penna. Co., 104
Pa. 511.

PER CURIAM:

The jury in this case rendered a verdict for the defendant
under a binding instruction from the court below. We are of
opinion such instruction was proper. There were no disputed
facts. The question was whether the plaintiff came within the
act of 1868. This was a question of law for the court.

It appears from the plaintiff's own testimony that he was in-
jured in doing an act about the cars of the defendant company
which was clearly within the line of his duty. The case comes
directly within the authority of Mulherrin v. Railroad Co., 81
Pa. 366; Cummings v. Railway Co., 92 Pa. 82; Balt. & O. R.
Co. v. Colvin, 118 Pa. 230. It was urged, however, that the
case is upon all fours with Richter v. Penna. Co., 104 Pa. 511.
We do not so regard it. On the contrary, the distinction be-
tween that case and those above cited is marked. Richter v.
Penna. Co. was decided upon the ground that the plaintiff, at
the time he was killed, was not engaged or employed in any
business connected with the railroad, but was merely attempt-
ing to exercise his right to cross the same.

Judgment affirmed.