## Spisak v. Balt. & Ohio R. R., Appellant.

[Marked to be reported.]

*Railroads—Negligence—Fellow servants—Act of April 4, 1868.*

Under the act of April 4, 1868, P. L. 58, if the place of an accident where a person is injured is clearly and for general purposes the "roads, works, depots or premises" of the railroad company, the person injured is a fellow servant of the employees of the railroad company within the meaning of the act, if he is lawfully engaged or employed on or about them and is not a passenger.

If the accident occurs in a place which is not exclusively but only within a limited and statutory sense the premises of the company, and the person injured is engaged in work which it is ordinarily the duty of railroad employees to do, he is a quasi employee within the meaning of the act. But if the work has no relation to railroad work as such and is connected with the railroad only by irrelevant and immaterial circumstances of locality, the case is not within the statute.

Plaintiff was the brakeman of a locomotive belonging to a steel company which owned two spur tracks connecting its works with the defendant's lines. After the railroad company had delivered a car and after the car had been unloaded, plaintiff, at the direction of the yard boss of the steel company, moved the car from the receiving track to the scales, to take its light weight. While doing so he was injured through the negligence of one of defendant's employees. *Held*, that the intermediate unloading, shifting and weighing of the car was the work of the steel company on its own land, that the connection of the railroad company with the place of the accident by reason of its joint use of the tracks for other purposes was immaterial, and that plaintiff was neither an employee in fact, nor doing work which made him a quasi employee under the statute.

Argued Nov. 1, 1892. Appeal, No. 140, Oct. T., 1892, by defendant, from judgment of C. P. No. 1, Allegheny Co., on verdict for plaintiff, Frank Spisak. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass for personal injuries.

The facts appear by the opinion of the Supreme Court.

Defendant's points were as follows:

"1. Under the undisputed facts shown by the evidence, the plaintiff, at the time of the injury sued for, was, by virtue of § 1 of the act of April 4, 1868, P. L. 58, in the position of a fellow servant with the employees of the defendant in charge of

the cars by whose alleged negligence the accident happened, and cannot therefore recover." Refused. [1]

" 2. Under the evidence the verdict must be for the defendant." Refused. [2]

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Errors assigned* were, (1, 2) above instructions, quoting them.

*Johns McCleave,* for appellant.—This case was ruled by the court below upon the assumption that the decision of this court in Christman v. R. R., 141 Pa. 604, overrules the previous decisions in Cummings v. R. R., 92 Pa. 82; and Stone v. R. R., 132 Pa. 206, or at least is wholly inconsistent with these older cases. We contend that Christman v. R. R. not only overrules no decision, but, when properly understood, is not inconsistent with any, and strictly and expressly follows the previous case of Richter v. R. R., 104 Pa. 511.

The act of 1868 was intended to put upon the same footing all persons who by their engagements or employments might be brought in contact with the dangers incident to railway operations, whether in such engagement they are under contract with the railroad company, or with some other party. It makes no difference how or where they are subjected to such dangers, if the work is a lawful one and in or about any train or car on the roads, works, depots and premises of the company or which the company is licensed to use. If plaintiff had been doing the same thing that he was doing at the time of the injury and was paid by defendant instead of the steel company, he could not recover.

*Joseph M. Friedman,* for appellee.—Plaintiff was assisting the steel company's engineer in moving cars and was acting under orders of the boss of the steel company's yard, and, so acting, was an employee of said company and not of the Baltimore & Ohio Railroad.

Defendant company's duty ended when it placed loaded or empty cars on the receiving tracks, and commenced again when removing the cars when placed in position by the steel company's engine and employees on the out-going track, both of said tracks being in the yard of said company.

In Cummings v. Pgh., C. & St. L. Ry., 92 Pa. 82, plaintiff was on the car assisting in unloading cars, which in a short siding was substantially in control of defendant company. In B. & O. R. R. v. Colvin, 118 Pa. 230, plaintiff was hauling freight to the cars and was in a place which the court said was practically a part of the yard, under control of defendant company. In Stone v. P. R. R., 132 Pa. 206, plaintiff was separating the train, which was primarily the work of the railroad employees, but which the evidence established was his duty in case the others omitted it. It was railroad business, and while he was engaged at it, he was put by the statute in a position of quasi employee.

In all the above cited cases, including Richter v. R. R., 104 Pa. 511, defendant companies were in control of the cars, and all persons while working in and about them became employees, and are properly within the provisions of act of April 4, 1868, while in this case the moment the cars were shoved into the steel company's yard, defendant company's control ended until the cars were placed in position by the engine of the steel company and employees on the out-bound track for removal by the B. & O. R. R. Company.

It was for the jury to determine whether the place of the accident was the premises of defendant or not: Christman v. R. R., 141 Pa. 604.

OPINION BY MR. JUSTICE MITCHELL, January 3, 1893:

The words of the act of 1868 are, " when any person shall sustain personal injury or loss of life while lawfully engaged or employed on or about the roads, works, depots and premises of a railroad company," etc. In the first case that arose under the act, Kirby v. R. R. Co., 76 Pa. 506, this court passed only upon its constitutionality, but the injury to the plaintiff happened on a side track, part of the road and premises of the defendant company. It was clearly within the express words of the act. In the next case, Mulherrin v. R. R. Co., 81 Pa. 366, the place of the accident became a material point of inquiry, and it was held that a railroad track upon which the defendant company had the right to run, though in common with another company which owned the tracks, was part of the premises of the defendant company within the meaning of the

act, and it was "not a question of the extent of their title." This was followed by Cummings v. R. R. Co., 92 Pa. 82, where the injury happened to plaintiff while unloading a car upon a siding built by a coal dealer on his own land, but used and operated by the railroad company. It was held that the place was the premises of the company within the act. The fact that the plaintiff was engaged in railroad work, unloading cars, was not referred to by the court, but was a fact in the case.

In the next case, however, Richter v. R. R. Co., 104 Pa. 511, the nature of the work became material, and received due attention. The plaintiff was engaged in wheeling ashes from the furnace of a rolling mill to the cinder pile, and in so doing had to cross a siding belonging to the mill but operated by the railroad. His way being obstructed by cars on the siding he attempted to uncouple and move them, and while so doing was injured by an engine of defendant striking the line of cars and jamming them against him. In regard to the place of the accident, the case is on all fours with Cummings v. R. R. Co., it was the premises of the railroad company for some purposes, but not for others. Had the plaintiff been engaged as Cummings was, in railroad work, he could not have recovered, but as his work was entirely distinct, and had no relation to that of the railroad, it was held that he was not within the act. The prior cases were referred to by GORDON, J., who said : " In all these cases there was an employment on or about the cars or tracks of a railroad company ; that is, the persons were engaged in a business directly connected with the railroad ; hence, as under the terms of the act they were discharging the duties of employees, they were to be regarded and treated as such." This case was followed, and the distinction therein made was reiterated in Christman v. R. R. Co., 141 Pa. 604, in which the facts were almost exactly similar. It was there said : " The plaintiff was not employed or engaged in any business connected with the railroad. There was a pile of iron on the ground of the rolling mill, and plaintiff was engaged in carrying it into the mill. The iron had in fact been unloaded from the cars the day before, but the act of unloading had been fully completed, and had no connection with plaintiff's work."

Upon the distinction thus expressed the cases divide them-

selves into two classes.  In the first the place of the accident is clearly and for general purposes the "roads, works, depots or premises" of the railroad company.  In such cases it is sufficient if the person injured is lawfully "engaged or employed on or about" them, and is not a passenger.  To this class belong Kirby v. R. R. Co., 76 Pa. 506, already referred to; Ricard v. R. R. Co., 89 Pa. 193, where the owner of goods was unloading them from the cars at the railroad station; and R. R. Co. v. Colvin, 118 Pa. 230, where the injury was received while hauling goods for shipment, and in what was "practically a part of the yard."  The other class is where the accident occurs in a place which is not exclusively and for general purposes, but only within a limited and statutory sense, the premises of the railroad company.  In this class the nature of the employment at which the party injured was engaged at the time, becomes material.  If it is business connected with the railroad in the sense that it is ordinarily the duty of railroad employees, then while the party is engaged at it the statute treats him as a quasi employee, and puts his rights upon the same basis.  If however the work has no relation to railroad work as such, and is connected with the railroad only by irrelevant and immaterial circumstances of locality, the case is not within the statute at all.  In the former category belong Mulherrin v. R. R. Co., 81 Pa. 366, and Cummings v. R. R. Co., 92 Pa. 82, already referred to, and Stone v. R. R. Co., 132 Pa. 206, where the plaintiff, though an employee of the refining company, was when injured separating cars which was the duty of the trainmen of the railroad.  In the latter category belong Richter v. R. R. Co., 104 Pa. 511, and Christman v. R. R. Co., 141 Pa. 604.

The distinction thus pointed out was indicated in the two cases last cited, but as Christman v. R. R. Co. has been supposed to overrule or at least qualify some of the previous decisions, we have thought it well to go over the subject more in detail, to show the principles on which the cases rest, and the entire absence of conflict among them.

The present case belongs in the second class.  The track on which plaintiff was injured was on the land of the steel company and was its property, though the railroad company had the right to use it in connection with its business with the

steel company. The nature of plaintiff's occupation at the time of the injury is therefore the test of the applicability of the statute. There were two spur tracks or sidings, a receiving track to which the railroad brought cars and a delivering track from which it took them. Between the receipt and the delivery of the cars they were under the exclusive control of the steel company and were shifted about, unloaded and reloaded, entirely at its will and by its employees. The work was considerable in amount, and the steel company had supplied itself with a locomotive for this use. Plaintiff was the brakeman on this engine. A car had been unloaded while on the receiving track, and the yard boss directed plaintiff to take the shifting engine there and move the car to the scales to take its light weight. While so doing plaintiff was injured. The railroad company had delivered the car; its duty in that respect was ended, and its further duty of taking it out had not begun. The intermediate unloading, shifting and weighing the car, was the work of the steel company, done for it, on its own land by its own employees. The connection of the railroad company with the place of the accident, by reason of its joint use of the tracks for other purposes, was an immaterial circumstance that did not affect the relations of plaintiff to it, or to the work he was engaged in. He was neither an employee in fact, nor doing work which made him a quasi employee under the statute. It would have been error to instruct the jury as asked in appellant's point.

Judgment affirmed.