## Weaver *v.* Philadelphia and Reading Railway Company, Appellant.

*Railroads—Negligence — Master and servant — Fellow-servant—Act of April* 4, 1868, *P. L.* 58.

Where an iron company constructs a siding on its own land, on which the cars of a railroad company are to be operated by the employees of the railroad company, an employee of the iron company who is injured by the negligence of the trainmen of the railroad company, while he is loading a railroad company's car on the siding of the iron company is a fellow-servant of the trainmen within the meaning of the act of April 4, 1868, and he cannot recover damages from the railroad company for his injuries.

Argued March 5, 1902.   Appeal, No. 357, Jan. T., 1901, by defendant, from judgment of C. P. Montour Co., Jan. T., 1900, No. 21, on verdict for plaintiff in case of Peter Weaver v. Phila-

delphia & Reading Railway Company. Before McCOLLUM, C. J., DEAN, FELL, MESTREZAT and POTTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before LITTLE, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $3,000. Defendant appealed.

*Error assigned* among others was refusal of defendant's ninth point quoted in the opinion of the Supreme Court.

*S. P. Wolverton,* with him *W. H. Rhawn,* for appellant.—It has been held by this court that sidings constructed and used as in this case are the roads of the railroad company within the meaning of the act of 1868 : Cummings v. Pittsburg, Cincinnati & St. Louis Ry. Co., 92 Pa. 82 ; Stone v. Penna. R. R. Co., 132 Pa. 206 ; Christman v. Phila., etc., R. R. Co., 141 Pa. 604 ; Spisak v. Balt. & Ohio R. R. Co., 152 Pa. 281 ; Mulherrin v. Del., Lack. & Western R. R. Co., 81 Pa. 366.

*R. S. Ammerman* and *James Scarlett,* with them *Thomas C. Welsh,* for appellee.—The case was not within the act of 1868 : Cummings v. Pittsburg, etc., R. R. Co., 92 Pa. 82 ; Richter v. Penna. Company, 104 Pa. 511 ; Stone v. Penna. R. R. Co., 132 Pa. 206 ; Christman v. Philadelphia & Reading R. R. Co., 141 Pa. 604 ; Spisak v. Baltimore & Ohio R. R. Co., 152 Pa. 281 ; Vannatta v. Central R. R. of N. J., 154 Pa. 262 ; Noll v. Philadelphia & Reading R. R. Co., 163 Pa. 504.

OPINION BY MR. JUSTICE DEAN, May 19, 1902 :

On November 23, 1898, Peter Weaver was in the employ, as a laborer, of the Reading Iron Company at Danville, Pennsylvania. On that day while loading a car with iron for the iron company, he was struck by a car of the railroad company and seriously injured. There were two tracks, the one on which stood the car which was being loaded, and another, between that track and the rolling mill; the space between the two sets of tracks was about seven feet; the tracks were on the land of the iron company ; the cars which stood and ran on the tracks belonged to the railroad and by that company were

shifted in, and drawn out, at the orders or request of the iron company to suit the latter's convenience and business necessities. In loading the car on the farther track from the mill, Weaver and his coemployees of the iron company, took up pieces of iron at the shears in the mill and carried them across the empty track to the car they were loading on the outside track ; after placing this iron on the standing car, they crossed back to the mill for another load. Weaver, after placing his pieces of iron on the car, either while on the space between the sets of tracks, or when barely on the empty track, was struck by a cinder car which the railroad company had shunted in on that track at the request of the iron company. The questions of defendant's negligence and plaintiff's contributory negligence were submitted to the jury who found for the plaintiff and defendant appeals.

If the case should have gone to the jury at all, the negligence of the employees who shunted the cars was clearly a question for the jury. But going a step further, we are confronted by the act of April 4, 1868, and must determine whether, under that act, the plaintiff was a fellow-servant of the servants of the railroad company. In answering this question, there is no room for the exercise of the jury's function, the determination of disputed facts. The facts are not disputed ; the inference from them is, but it is an inference drawn by the law, not by the jury. The appellant argues, that the case is clearly within the act of 1868 and the court erred in not directing a verdict for the defendant. The defendant's ninth prayer for instruction in the court below was as follows :

" That as the undisputed testimony is that the plaintiff, at the time of injury, was engaged voluntarily in the business of loading a car with iron to be removed from the siding by defendant and shipped to the consignees of the Reading Iron Company, he was engaged about the cars of the defendant, and his right of action is such only as would exist if he were an employee of the defendant under the provisions of the act of assembly, approved April 4, 1868, and as the negligence complained of is the alleged negligence of the engineer, brakeman and employees in charge of the defendant's engine and cars who occupied the relation of fellow-servants to the plaintiff, therefore he cannot recover."

The court below negatived the point; was this error? The act of 1868 has several times been the subject of judicial interpretation. The 1st section reads as follows:

" That when any person shall sustain personal injury or loss of life while lawfully employed on or about the roads, works, depots and premises of a railroad company, or in or about any train or car therein or thereon, of which company such person is not an employee, the right of action and recovery in all such cases against the company shall be such only as would exist if such person were an employee : Provided, that this section shall not apply to passengers."

The siding on which the car was being loaded, and the one on which was shunted the car which struck Weaver, were on the land of the iron company, but the cars and all the rolling stock used on these sidings belonged to the railroad company ; the railroad company operated the railroad sidings for the benefit of the iron company ; the railroad's switch superintendent directed what cars should be shunted in and drawn out for the iron company and this last named company directed the switchman where they should be placed, and when they should be drawn out after being loaded ; the stoppage and movements of the cars on the sidings were directed by the iron company to suit its business purposes and convenience ; the manner and method of stoppage and movement were under the control of the railroad company through its trained railroad employees. About fifteen to twenty cars per day were received and dispatched from the sidings in and about the mill of the iron company ; in this case the car being loaded with iron was for shipment to Milton, Pennsylvania ; the car which was shunted in and struck Weaver was loaded with cinder ; it was being moved to the scales, a few feet from where the accident occurred, to be weighed and then taken out, consigned to the Keystone furnace at Reading, Pennsylvania. In loading and unloading the cars upon the siding, from the testimony, more in number of the iron company's servants were engaged each day in loading and unloading than the number of railroad men moving the loaded and unloaded cars. The iron company's servants while in the performance of their duties, necessarily, had to cross and recross the sidings to go from the mill to the cars and back again.

The facts embraced in defendant's ninth point, with the some-

what more particular statement of them we have here given, are
undisputed.    With the act of 1868 before us, what is the in-
evitable legal inference from them?    In Mulherrin v. Delaware,
etc., Railroad Company, 81 Pa. 366, arising from an accident oc-
curring within three years after the passage of the act, plaintiff
was employed by another company which had the right to a
restricted use of the tracks of the defendant company; while
so employed he was injured by the train of the defendant, with
which company he had no relation as employee; the court be-
low held the act of 1868 did not apply and there was a judg-
ment for the plaintiff.    This court reversed the judgment with-
out a venire, holding, that the case was clearly within the act.
In the case referred to, the assault, although somewhat covertly,
was really made upon the act itself; it was argued by appellee's
counsel, that the statute was in derogation of the common-law
right of the citizen and should be construed strictly against
the defendant.    We held that the facts of the case brought it
clearly within the meaning of the act; that although plaintiff
was not an employee of defendant he was employed in and
about their road; that it was not a question of the extent of his
employer's title; the road of defendant was its road for the
purpose of moving its trains and that was sufficient to bring it
within the terms of the act of 1868.    In this first case we
started with the proposition, that the act was not to be narrowed
and restricted, to only those cases technically within its exact
words, as a criminal statute, but that our duty was to give to
it its plain meaning.

This was followed by Cummings v. Pittsburg, etc., Railroad
Company, 92 Pa. 82.    In this case one McCue owned a pri-
vate coal yard; a side track lead from the main tracks of the
railroad into the coal yard, the side track being partly on rail-
road land and partly on McCue's and constructed at the cost
of both; when a train of coal cars arrived near the yard, it was
changed by a switch from the main track, to the side track, on
which it passed to McCue's private coal yard track; on reaching
this side track the car was shunted by the railroad company's loco-
motive on to the private track into the coal yard; the locomotive
did not follow; Cummings, the plaintiff, was employed by Mc-
Cue to unload a car in the yard; as the result of a collision,
caused by an open switch, the plaintiff while unloading the car
was seriously injured.    We held that: " Though the side

track was on the property of plaintiff's employer, it nevertheless was used by the defendant (the railroad company) by his license.    The plaintiff was, therefore, employed on or about defendant's road, and within the very terms of the act of 1868." It rarely happens, that the material facts of two cases are so nearly alike, as those in that case and in this.    Appellee's counsel undertakes to point out a distinction between the facts in the two cases ; he argues, that there was no partial ownership of the side tracks between the employer and the railroad company, as in the Cummings's case and no formal license in the railroad company to use the tracks of the iron company ; but these are not material facts controlling the application of the statute ; the iron company's tracks, though upon its own land, were constructed and located to be used by the railroad company ; without a railroad it could neither bring in its raw material nor ship out its finished product ; with the iron company's consent and request the railroad ran its rolling stock over the siding, as if they were part of its own property.    What matters it whether this was by reason of an ownership of the land, a formal written license, or by a parol permission of the iron company ; for all the purposes of a common carrier, the premises were the premises of the railroad company in shipping in and out the iron company's freight.

Stone v. Penna. Railroad Company, 132 Pa. 206, and Christman v. Phila., etc., Reading Railroad Company, 141 Pa. 604, are directly in line with Cummings v. Railroad Company, supra. The latter case distinguishes it from the Cummings's case on this significant difference in the facts, because as the court says, " The plaintiff was not employed in any business connected with the railroad."    This vital distinction in the cases, many of them being noticed, is clearly pointed out by Justice MITCHELL, who delivered the opinion in Spisak v. B. & O. Railroad Co., 152 Pa. 281.    In the case before us, Weaver, in the terms of the act, clearly "sustained personal injury . . . . on or about the premises of a railroad company " about a train or car thereon ; therefore, if this was caused by the negligence of the railroad company's servants, they were his fellow-servants or coemployees and he cannot recover from his employer.

We think defendant's ninth point should have been affirmed, therefore, the judgment is reversed.