# Peplinski *v.* Pennsylvania Railroad Company, Appellant.

*Negligence — Railroads—Master and servant—Fellow-servant—Act of April* 4, 1868.

Where a railroad company lays ties and rails on a trestle constructed by a coal company on land owned by the lessor of the railroad company, and it appears that the trestle was for the use of the coal company, and was built to promote its business, as well as that of the railroad company, and that the latter company maintained the structure at its own cost, and owned and operated the locomotives and cars that ran upon it, an employee of the coal company engaged on the trestle in unloading a car, is a fellow-servant of the trainmen of the railroad company, within the meaning of the act of April 4, 1868, and if he is injured by the negligence of the latter, he cannot recover from the railroad company.

Argued April 28, 1902. Appeal, No. 71, Jan. T., 1902, by defendant, from judgment of C. P. Erie Co., Feb. T., 1901, No. 42, on verdict for plaintiff in case of August Peplinski v. Pennsylvania Railroad Company, Lessees of the Philadelphia & Erie Railroad. Before McCollum, C. J., Mitchell, Dean, Fell and Potter, JJ. Reversed.

Trespass to recover damages for personal injuries. Before Thomas, P. J., specially presiding.

Defendant presented these points:

1. Under the act of April 4, 1868, that when a person sustains personal injuries while lawfully engaged or employed on or about the roads, works, depots and premises of a railroad company, or in or about any train or cars thereon, of which said company the person is not an employee, the right of action and recovery in all such cases shall be only as would exist if such person was an employee; that taking all the evidence on part of the plaintiff to be true it discloses nothing more than a case of an employee injured in and about the works of a railroad company. *Answer:* Refused. [1]

2. If the jury find from the evidence that the trestle for unloading cars loaded with coal was partially built by the defendant company extending over East avenue, and the balance of the same built by Scott & Company, this would make the trestle a joint trestle between the defendant company and the W. L.

Scott Company and would be a part of the defendant company's premises. *Answer :* Refused. [2]

3. The tracks on said trestle being laid on said trestle by the defendant company and kept up and maintained by the defendant company at their costs and expense, this would make the track that of the defendant company, no matter who may have built the trestle. *Answer :* Refused. [3]

Verdict and judgment for plaintiff for $1,966.66. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them; (5) refusing binding instructions for defendant.

*J. Ross Thompson,* of *J. Ross Thompson & Son,* for appellant.

The appellee was working about the premises and works of the appellants, and his right to recover damages for injuries received would be the same as if in their employ. The act of 1868 applies: Kirby v. Penna. R. R. Co., 76 Pa. 506 ; 1 Weimer's Penna. R. R. Law, 638 ; Cummings v. Pittsburg, etc., Ry. Co., 92 Pa. 82 ; Stone v. Penna. R. R. Co., 132 Pa. 206 ; B. & O. R. R. Co. v. Colvin, 118 Pa. 238 ; Mulherrin v. D., L. & W. R. R. Co., 81 Pa. 206 ; Ricard v. North Penna. R. R. Co., 89 Pa. 193.

*J. B. Brooks,* of *Benson & Brooks,* for appellee.—Plaintiff was not within the terms of the act of 1868 : Noll v. Phila. & Reading R. R. Co., 163 Pa. 504 ; Spisak v. Baltimore & Ohio R. R. Co., 152 Pa. 281 ; Vanatta v. Central R. R. of N. J., 154 Pa. 262 ; Kunsman v. Lehigh Valley R. R. Co., 10 Pa. Superior Ct. 1 ; Christman v. Phila. & Reading R. R. Co., 141 Pa. 604 ; Richter v. Penna. Co., 104 Pa. 511.

If the defendant had at its own proper cost erected and composed the whole superstructure upon which their rails were laid, and owned the ground upon which it stood, and gave it over to the exclusive use and control of the Scott company, and did not reserve any direction over it, and did not exercise any direction or control over it, it would not be their property under the provisions of the 1st section of the Act of 1868, P. L. 58 : Kelly v. Union Traction Company, 199 Pa. 322.

OPINION BY MR. JUSTICE DEAN, May 19, 1902:

The plaintiff, Peplinski, was an employee of W. L. Scott & Company large coal dealers at Erie, Pennsylvania. On June 19, 1901, he was on top of a car of coal then standing on the railroad trestle about to be unloaded, when it was struck or bumped by other cars of defendant, pushed or shunted by its locomotive; the effect was to tumble plaintiff off the car into the coal chute below and very seriously injure him. He brought suit against the defendant for damages, averring negligence in pushing the cars without warning against the one he was on and thereby causing his injury. The defendant denied the alleged negligence, and further averred, that under the act of April 4, 1868, plaintiff was a fellow-servant and coemployee of the trainmen who shunted the cars negligently, and therefore, could not recover. The court submitted the question of negligence to the jury, but declined to hold, that under the evidence, the plaintiff was a fellow-servant of the trainmen. The jury found for the plaintiff, and, therefore, necessarily, that the defendant was negligent. Although the evidence of negligence was very meager, still, it rose above a scintilla and was properly submitted to the jury. The remaining assignments of error, in substance, raise the single question, whether on the undisputed facts the case comes within the act of 1868. It enacts:

" That when any person shall sustain personal injury or loss of life while lawfully engaged or employed on or about the roads, works, depots and premises of a railroad company, or in or about any train or car therein or thereon, of which company such person is not an employee, the right of action and recovery in all such cases against the company shall be such only as would exist if such person were an employee : Provided, That this section shall not apply to passengers."

The railroad company laid the ties and rails on a trestle constructed by Scott & Company on the land of the Philadelphia and Erie Railroad, lessor of the defendant, for the purpose of moving W. L. Scott & Company's coal to the Lake Shore Railroad Company. The trestle was for the use of the coal company, and was built to promote its business, as well as that of the railroad company; the railroad company maintains the structure at its own cost; owns and operates the locomotives and cars that run upon it. The trestle is not level, but is an up

grade to the summit, to which they are pushed by a locomotive, four cars at a time; there they are detached and under the control of a brakeman are dropped, by gravity, to pockets or coal chutes which discharge their coal into cars on the Lake Shore Railroad under the trestle. The cars to be moved to and put on the trestle are selected by Scott & Company, and by them marked; the railroad company then moves them to the chutes designated by Scott & Company where the employees of the latter company, either by hopper bottoms or by hand unloaded them; on the day of the accident, four loaded cars had been placed at the chutes; Peplinski, as was his duty, had got on top of one of these coal cars preparatory to unloading it; four other cars were then pushed over the summit of the knuckle; these last stopped ten feet short of their place; the engineer attempted to move them to their proper place; when he did so, they bumped heavily against the four already placed, knocking Peplinski over into the coal chute, as already noticed. Clearly, Peplinski at the time of his injury was employed in and about the premises, and the car of the railroad company, although employed by another than the railroad company. If he was injured by the negligence of the servants of the railroad company, as the jury has found, then on the undisputed facts, he was injured by his fellow-servants under the act of 1868, and cannot recover. It is a waste of time, to again cite the authorities from Cummings v. Pittsburg, etc., Ry. Co., 92 Pa. 82, down to Weaver v. Railroad Company, 202 Pa. 620. We are not here to review criticisms on the wisdom or policy of the statute, but to enforce it according to its plain meaning. The judgment of the court below is reversed.