## HOBBS v. PENNSYLVANIA R. CO.

(Circuit Court, E. D. Pennsylvania. February 1, 1906.)

### No. 32.

RAILROADS—INJURY OF PERSONS ON PREMISES—PENNSYLVANIA STATUTE.

Act Pa. April 4, 1868 (P. L. 58), which provides that "when any person shall sustain personal injury or loss of life while lawfully engaged or employed on or about the roads, works, depots and premises of a railroad company, * * * of which company such person is not an employé, the right of action and recovery * * * against the company shall be such only as would exist if such person were an employé," does not apply to the case of a plaintiff who was a stevedore's employé engaged in discharging a vessel, and who was struck and injured by an engine, while standing with others on or near a track owned by defendant railroad company, after the close of his day's work, waiting merely to give in his time to his employer; such person not being engaged or employed on or about the defendant's premises, within the meaning of the statute, as construed by the Supreme Court of the state.

At Law. On motion by defendant for judgment upon reserved point, notwithstanding the verdict.

A. L. Cameron and Thos. Raeburn White, for plaintiff.

John Hampton Barnes, for defendant.

J. B. McPHERSON, District Judge. The first section of the Pennsylvania Act of April 4, 1868 (P. L. 58) is as follows:

"That when any person shall sustain personal injury or loss of life while lawfully engaged or employed on or about the roads, works, depots and premises of a railroad company, or in or about any train or car therein or thereon, of which company such person is not an employé, the right of action and recovery in all such cases against the company shall be such only as would exist if such person were an employé: Provided, that this section shall not apply to passengers."

This section is relied upon to defeat the plaintiff's recovery, and it becomes necessary, therefore, to determine upon this motion whether, under the conceded facts of the case, he was, at the time of the injury, "engaged or employed on or about the roads, works, depots and premises of a railroad company." The questions touching the defendant's negligence, and his own contributory negligence, have been determined in his favor by the verdict, and I think there was sufficient evidence upon both questions to require them to be submitted to a jury. Concerning the plaintiff's occupation at the time when he was hurt, the facts are these: He was a laboring stevedore and had been working all night in the hold of a ship that was lying at the end of a pier in the Delaware river at Girard Point. His work consisted in loading iron ore into buckets; these being hoisted by a crane and dumped into cars belonging to the defendant, which were standing upon a track alongside the ship. About 6 o'clock, his work being done, he left the vessel in order to go home. On the way, he stopped at a small building on the defendant's property and close to its tracks, which the master stevedore had been allowed to use for several years as an office. Its principal use was apparently to furnish a place where

the men could report, after their work was done, and have a note made of their time. It was merely for this purpose—that is, to give in his time—that the plaintiff went to the building with several other laborers who were bound on a similar errand. While he was standing in line waiting his turn, he was struck by an engine, and lost both legs.

These being the facts, I am of the opinion that the Pennsylvania statute does not apply. The plaintiff was in no proper sense "engaged or employed" about the premises of the defendant. His work was done, and he was going to his home, walking over the railroad company's land as he was permitted to do, and I think it is impossible to suppose that the momentary and trifling act of giving in his time constituted an employment, in the sense contemplated by the statute. Mr. Justice Mitchell has reviewed and classified the Pennsylvania decisions in Spisak v. B. &. O. R. R. Co., 152 Pa. 281, 25 Atl. 497. He divides them into two classes, which are thus described, on page 285 of 152 Pa., and page 498 of 25 Atl.:

"In the first, the place of the accident is clearly and for general purposes the 'roads, works, depots or premises' of the railroad company. In such cases, it is sufficient if the person injured is lawfully 'engaged or employed on or about' them, and is not a passenger. To this class belong Kirby v. Railroad Co., 76 Pa. 506, already referred to; Ricard v. Railroad Co., 89 Pa. 193, where the owner of goods was unloading them from the cars at the railroad station; and Railroad Co. v. Colvin, 118 Pa. 230, 12 Atl. 337, where the injury was received while hauling goods for shipment, and in what was 'practically a part of the yard.' The other class is where the accident occurs in a place which is not exclusively and for general purposes, but only within a limited and statutory sense, the premises of the railroad company. In this class, the nature of the employment at which the party injured was engaged at the time becomes material. If it is business connected with the railroad, in the sense that it is ordinarily the duty of railroad employés, then, while the party is engaged at it, the statute treats him as a quasi employé, and puts his rights upon the same basis. If, however, the work has no relation to railroad work, as such, and is connected with the railroad only by irrelevant and immaterial circumstances of locality, the case is not within the statute at all. In the former category belong Mulherrin v. Railroad Co., 81 Pa. 366, and Cummings v. Railroad Co., 92 Pa. 82, where the plaintiff, though an employé of the refining company, was, when injured, separating cars, which was the duty of the trainmen of the railroad. In the latter category belong Richter v. Railroad Co., 104 Pa. 511, and Christman v. Railroad Co., 141 Pa. 604, 21 Atl. 738."

See, also, Vannatta v. Railroad Co., 154 Pa. 262, 26 Atl. 384, 35 Am. St. Rep. 823, and Noll v. Railroad Co., 163 Pa. 504, 30 Atl. 157.

Clearly, as it seems to me, the work, if it can be called such, which the plaintiff was doing at the time of his injury, had no relation at all to railroad work, and was connected with the road only by the irrelevant and immaterial circumstance of locality.

The defendant's motion for judgment is refused, and judgment may be entered for the plaintiff upon the verdict.