## Hayman *v.* Philadelphia and Reading Railway Company, Appellant.

*Negligence—Railroads—Master and servant—Fellow servant—Act of April 4, 1868, P. L. 58.*

Under the Act of April 4, 1868, P. L. 58, there are two classes of cases. The first class includes those cases where the place of accident was for general purposes the premises of the railroad company. In such cases the person injured is within the act if he is "lawfully engaged or employed on or about" them and is not a passenger. The other class is where the accident occurs in a place which is not exclusively and for general purposes, but only within a limited and statutory sense, the premises of the railroad company. In this class the nature of the employment at which the party injured was engaged at the time, becomes material. If it is a business connected with the railroad in the sense that it is ordinarily the duty of railroad employees, then while the party is engaged at it the statute treats him as a quasi-employee, and puts his right upon the same basis. If, however, the work has no relation to railroad work as such and is connected with the railroad only by irrelevant and immaterial circumstances of locality the case is not within the statute at all.

In an action against a railroad company it appeared that plaintiff, a carpenter by trade, was employed in a locomotive works. A few minutes prior to the accident he was engaged with other workmen in loading an engine on cars belonging to the defendant. His work was to secure in place the parts of the engine by means of wooden blocks, so that they would not be disturbed in transit. The car stood on a track within the locomotive works. While the plaintiff was still employed, the cars were drawn down by an engine of the defendant along an incline to defendant's main tracks. Plaintiff did not know that the cars were to be moved before the loading was finished. He, however, continued at his work both while they were moving and for twenty minutes after they were on the main track. He then went back to the works to get a piece of wood, and while walking up the incline was struck by an engine. *Held,* that the plaintiff was within section 1 of the Act of April 4, 1868, P. L. 58.

Mestrezat, Potter and Elkin, JJ., dissent.

Argued Jan. 17, 1906. Appeal, No. 273, Jan. T., 1905, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1904, No. 631, on verdict for plaintiff in case of William Hayman v. The Philadelphia and Reading Railway Company. Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Reversed.

Trespass to recover damages for personal injuries. Before Audenried, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Error assigned* among others was in not entering judgment for defendant non obstante veredicto.

*Gavin W. Hart*, for appellant.—Plaintiff was doing railroad work: Kirby v. R. R. Co., 76 Pa. 506; Ricard v. R. R. Co., 89 Pa. 193; Cummings v. R. R. Co., 92 Pa. 82; R. R. Co. v. Colvin, 118 Pa. 230; Stone v. R. R. Co., 132 Pa. 206; Fleming v. R. R. Co., 134 Pa. 477; Miller v. R. R. Co., 154 Pa. 473; Weaver v. Ry. Co., 202 Pa. 620; Peplinski v. R. R. Co., 203 Pa. 52; Laporte v. R. R. Co., 209 Pa. 469.

*Henry W. Scarborough*, for appellee.—The act of 1868 does not apply: Kirby v. R. R. Co., 76 Pa. 506; Richar v. R. R. Co., 89 Pa. 193.

Plaintiff was not doing railroad work: Spisak v. R. R. Co., 152 Pa. 281; Stoltenberg v. R. R. Co., 165 Pa. 377; Ortlip v. Traction Co., 198 Pa. 586; Richter v. R. R. Co., 104 Pa. 511; Christman v. R. R. Co., 141 Pa. 604.

OPINION BY MR. JUSTICE FELL, March 19, 1906:

The controlling question in this case is whether the facts developed at the trial bring the plaintiff within section 1 of the Act of April 4, 1868, P. L. 58. The section is as follows: "When any person shall sustain personal injury or loss of life while lawfully engaged or employed on or about the roads, works, depots or premises of a railroad company, or on or about any train or car therein or thereon, of which company said person is not an employee, the right of action and recovery in all such cases against the company shall be such as would exist if such person were an employee, provided that this section shall not apply to passengers."

The plaintiff was employed as a carpenter at the Baldwin Locomotive Works and on the day of the accident he was engaged with other workmen in loading an engine on two gondola cars, the property of the defendant, which stood on a track in the Baldwin works. His work was to secure in place the parts

of the engine by means of wooden blocks so that they would not be disturbed by the motion of the car. Before this work was finished the cars were drawn by an engine of the defendant from the Baldwin works down an incline to the main tracks and left standing there. The plaintiff did not know the cars were to be moved before the loading was finished. He continued at his work as they were taken down the incline and for twenty minutes after they were on the defendant's road-bed, when he went back to the Baldwin works to get a piece of wood. While walking up the incline he was struck by an engine.

The learned trial judge in an opinion overruling the defendant's motion for judgment non obstante veredicto very clearly states the point on which the case turns and says : " If the fact that Hayman was brought involuntarily to the point from which he was departing when the accident befell him were not in the case, we would have no doubt that he would stand in the first of the two classes of those to whom the act of 1868 applies ; provided that the place of the accident is clearly and for general purposes part of ' the road, works, depots or premises of the railroad company.' " The incline, whether on the property of the defendant or of the Baldwin works, was a part of the premises of the defendant within the meaning of the act of 1868 if at the time it was being used for railroad business, and the plaintiff must be considered as a quasi-employee if at the time of the accident he was engaged in doing work ordinarily done by railroad employees. In Mulherrin v. Delaware, etc., Railroad Co., 81 Pa. 366, it was held that a railroad track which the defendant had a right to use in common with the company that owned it was a part of the premises of the defendant company. It was said in the opinion : " The fact that the defendants were only entitled to track rights to the road is not material. This is not a question of the extent of their title. It was the road of the defendants for the purpose of moving their trains, which is sufficient to bring the case within the act of 1868." In Cummings v. Pittsburg, etc., Railroad Co., 92 Pa. 82, the plaintiff was employed by a coal dealer and was engaged in unloading cars standing on a siding constructed on his land. In Stone v. Penna. Railroad Co., 132 Pa. 206, the yard foreman of a refining company was injured while separat-

ing a train of cars upon a siding in the yard of a refinery.   In Weaver v. Phila. & Reading Ry. Co., 202 Pa. 620, an employee of an iron company was injured while unloading a car on a siding owned by the iron company, and in Laporte v. Pittsburg, etc., Railroad Co., 209 Pa. 469, an employee of a coke company was shifting cars on its tracks by gravity and was injured by reason of a switch having been left open.   In all of these cases the plaintiffs were held to be within the meaning of the act of 1868.

The distinction that divides the cases into two classes was pointed out by the present chief justice in Spisak v. B. & O. Railroad Co., 152 Pa. 281.   The first class includes those cases where the place of accident was for general purposes the premises of the railroad company.   In such cases the person injured is within the act if he is "lawfully engaged or employed on or about" them and is not a passenger.   "The other class is where the accident occurs in a place which is not exclusively and for general purposes, but only within a limited and statutory sense, the premises of the railroad company.   In this class the nature of the employment at which the party injured was engaged at the time, becomes material.   If it is a business connected with the railroad in the sense that it is ordinarily the duty of railroad employees, then while the party is engaged at it the statute treats him as a quasi-employee, and puts his right upon the same basis.   If, however, the work has no relation to railroad work as such and is connected with the railroad only by irrelevant and immaterial circumstances of locality the case is not within the statute at all."

The plaintiff in this case was employed in loading an engine on the defendant's cars.   Securing the pieces of the engine in place was as much a part of this work as was placing them on the cars.   It was an essential part of the loading.   In all cases where the question has arisen, the loading and unloading of cars has been considered as railroad work, and had the plaintiff been injured while so engaged in the Baldwin works he would have been within the act.

Does the fact that the plaintiff while at work was carried from the premises of his employer to the roadbed of the railroad company alter the case?   In Kirby v. Penna. Railroad Co., 76 Pa. 506, the first case that arose under the act and in

which its constitutionality was affirmed, it was said that the person to be affected by the act must be in or about the road voluntarily to perform some act or business connected with the road or its works and being there " he knowingly assumes a relation regulated by the law and thus places himself under the operation of the law that governs the relation. He is not bound to assume the relation and when he does he acts with his eyes open." The plaintiff voluntarily assumed the relation in loading the car in the Baldwin works and he voluntarily continued it by remaining at the work after the car had been removed. He was as free to leave the car after it had stopped as he would have been to decline going with it if he had been consulted. If he had refused to continue the risk and had been injured when returning from the place where he had been carried against his will, a different question would be presented. We see no ground for a valid distinction between the case of a plaintiff who voluntarily goes to a place of danger and one who voluntarily remains in such a place when there is nothing to prevent his leaving it.

The judgment is reversed and judgment is now entered for the defendant on the question reserved, non obstante veredicto.

MESTREZAT, POTTER and ELKIN, JJ., dissent.