Morris S. Noll *v.* Phila. & Reading R. R., Appellant.

*Negligence—Fellow servants—Act of April* 4, 1868.

An employee of an iron company, whose business it is to unload cars in the company's yard after they have been placed there by a railroad company, is not a fellow servant of the trainmen of the railroad company engaged in placing the cars in the yard, within the meaning of the act of April 4, 1868, P. L. 58.

*Negligence—Contributory negligence—Question for jury.*

Plaintiff was employed by an iron company to unload cars in a stockhouse. On the day when he was injured he was instructed to quit work while a crew of the railroad company were shifting cars. Plaintiff accordingly stopped work. After the lapse of about an hour and a half, when the track upon which plaintiff had been working appeared to be filled with cars, and about fifteen minutes after the last car had been pushed in and the engine had moved out, plaintiff attempted to get upon the car he had been unloading, when another loaded car was sent into the stockhouse at considerable speed, making a flying switch. The loaded car struck the car upon which plaintiff was working, injuring him. *Held,* that the question of defendant's negligence and plaintiff's contributory negligence was for the jury.

Argued Feb. 27, 1894. Appeal, No. 35, Jan. T., 1894, by defendant, from judgment of C. P. Berks Co., May T., 1892, No. 22, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and DEAN, JJ. Reversed.

Trespass for personal injuries. Before ENDLICH, J.

At the trial it appeared that plaintiff was employed by the Temple Iron Co. His business was to unload cars in the stockhouse. On Dec. 31, 1890, while so engaged, with twenty or twenty-five other men, he was instructed to quit work, a crew of defendant company being about to shift cars in the stockhouse. While the shifting continued the plaintiff and his co-employees of the iron company were to remain idle ; when it was finished, of which they were to judge, they were to resume work. After the lapse of about one hour and a half, when the track upon which plaintiff was working appeared to be filled with cars, about fifteen minutes after the last car placed upon it had been pushed in, and the engine having steamed off in a westerly direction, the plaintiff, thinking the shifting operations

at an end and seeing no engine or cars approaching, attempted to resume his work. He was in the act of getting upon the car he had been unloading, when another loaded car was sent into the stock-house at considerable speed, making a flying switch. The shock of this loaded car striking the line of cars, one of which plaintiff was boarding, caused him to lose his hold and fall between the bumpers of the car he was attempting to board and the one next to it, sustaining severe injuries. It was undisputed that defendant's employees never unloaded any cars in the iron company's stock-house ; that the stock-house and siding were the property of the iron company ; and that the railroad company's crew came in and did the shifting only upon the request of the iron company, taking orders from it as to what to put in and what to take out ; but uncontrolled by it as to the speed at which their engines and cars were run or the manner of running them.

The court charged in part as follows :

" Now, the question is, What kind of negligence is that which is regarded in law as contributing to an accident? Undoubtedly, if the man had not been on that car, if he had not attempted to get on that car at the time when he did, the injury to him could not have happened. But that conclusion may not be enough to establish contributory negligence on his part. In order to constitute contributory negligence, it is necessary that the act which is charged against a man as such should have been an act which in some degree operated as the cause of the occurrence. .

" [Hence, if the jury should find that the plaintiff was negligent in climbing upon this car, and yet find in spite of his doing so the injury could not have happened but for the negligence of the railroad company, and that that was the direct cause of it, then the fact that this man mistook the appearance of things at the end of the shifting would not make him guilty of contributory negligence in the sense in which the law regards it, but he might, nevertheless, recover.] [1]

" In short, if the jury believes from the testimony in this case that this man was warranted, fully warranted by the appearance of things, in believing that the shifting was at an end, and that it was time for him to get on this car and continue his work, then he can recover, if the railroad company was negli

geut and by its negligence caused his injury; or even if he made a mistake as to the ending of the shifting, and ought not to have gone on this car, yet, if the jury believe it was the negligence of the railroad company that brought about this occurrence and the injury that resulted from it to the plaintiff, and that the act of the plaintiff itself was not one which moved in bringing about the injury to any degree, then he may recover."

Defendant's points were as follows:

"1. The court is respectfully requested to charge the jury: that under all the evidence in the case the verdict must be for the defendant." Declined. [2]

"2. There is no evidence in the case warranting a recovery for the plaintiff." Reserved. [3]

Verdict and judgment for plaintiff for $1,500.

*Errors assigned* were (1–3) . above instructions, quoting them.

*Jefferson Snyder*, *Philip S. Zieber*, *George F. Baer*, with him, for appellant.—There was no evidence of any negligence chargeable to defendant. It was undisputed in the testimony and partly proved by plaintiff's own case, that the railroad men were instructed by the foremen of the Temple Company, what shifting to do and when to do it, and that while the shifting was going on, the workmen of the Temple Company, of whom plaintiff was one, had nothing whatever to do, except to take and keep themselves away from the tracks and cars.

The accident resulted purely from plaintiff's own mistake of judgment.

The trainmen of the shifting crew must be regarded as fellow servants of plaintiff: Act of April 4, 1868, P. L. 58; Mulherrin v. R. R., 81 Pa. 366; Cummings v. R. R., 92 Pa. 82; Stone v. R. R., 132 Pa. 206.

We think the court committed error in that part of the charge which constitutes our first assignment. The plain inference to be drawn from the language is that the negligence of the plaintiff in climbing upon the car when he did, is not to be charged against him as contributory negligence. If plaintiff was negligent in climbing upon the car, his negligence consisted in putting himself carelessly, needlessly, and against orders, in a place of danger.

*John H. Rothermel,* of *Rothermel Bros.,* for appellee.—Plaintiff was not a co-employee with the shifting crew of defendant company under the act of 1868: Spisak v. R. R., 152 Pa. 285.

It is not fair to take one paragraph or part of the charge of the court and insist on its being error without reference to other portions which explain its meaning and exhibit its bearing: Watts v. Cummings, 59 Pa. 88; Reeves v. R. R., 30 Pa. 454.

Where the facts are disputed, where there is any reasonable doubt as to the inference to be drawn from them, or where the measure of duty is ordinary and reasonable care, and the degree varies according to the circumstances, the question cannot, in the nature of the case, be considered by the court, it must be submitted to the jury: Gramlich v. Wurst, 86 Pa. 78; R. R. v. Greiner, 113 Pa. 605; Gould v. McKenna, 86 Pa. 302; R. R. v. Boudrou, 92 Pa. 480.

OPINION BY MR. JUSTICE McCOLLUM, Oct. 1, 1894:

The defendant company contends that the court should have taken the case from the jury and that there was error in the instructions under which it was submitted to them. It asserts that there was no evidence of any negligence on its part in connection with the injury complained of, that if there was such evidence the plaintiff was guilty of contributory negligence which was a bar to his claim for damages, and that he and the men engaged in shifting the cars were fellow servants. If either of these assertions is true the plaintiff was not entitled to recover. But we are satisfied from our examination of the case that the evidence made the alleged negligence of the defendant company a question for the jury, that it was for them to determine whether he was guilty of contributory negligence, and that the plaintiff and the shifting crew were not " engaged in the same common work and performing duties and services for the same general purposes," and therefore they were not fellow servants. The plaintiff was not an employee of the defendant company or on the footing of one under the act of April 4, 1868. He was not employed on or about the roads, works, depot, or premises "of the company," or " in or about any train or car therein or thereon " in the sense that relieves it from liability to him for an injury received through the negligence of its employees: Spisak v. R. R. Co., 152 Pa. 281.

Negligence being the absence of care according to the circumstances, the plaintiff was not negligent in getting on the car if he did what a person of ordinary prudence would have done in the presence of the conditions developed by the evidence in the case. If, however, he did not exercise the care such a person would have exercised under the circumstances, his act was negligent; and if it contributed in any degree to the injury he received, it is a sufficient answer to his claim. It was for the jury to ascertain, from the evidence, and under proper instructions, the nature of the act and its relation to the injury. Did they receive such instructions in this case? The defendant company alleges they did not, and to substantiate its complaint in this particular it appeals to the portion of the charge which constitutes the first specification of error. It seems to us that this instruction considered by itself was misleading. From it the jury might reasonably infer that the plaintiff could recover although it was his own negligence that exposed him to, and made possible, the injury he received. It should be borne in mind that the negligence imputed to him is that he got, or attempted to get, upon the car before the work assigned to the defendant company was completed and before he was warranted by the conduct of the company, or otherwise, in believing that it was. If he did so he disregarded his employer's orders and placed himself where he was forbidden to be while the company was engaged in the work of shifting the cars. The company was not bound to know that he was there and he certainly knew or had reason to apprehend the danger to which he voluntarily exposed himself. Under such circumstances an instruction which virtually withdrew from the jury the question of his alleged contributory negligence was erroneous, and we are not satisfied that it was cured or rendered harmless by other portions of the charge.

The first specification of error is sustained and the second and third specifications are overruled.

Judgment reversed and venire facias de novo awarded.