of Appeals, 530; Hoffman v. Strohecker, 7 Watts, 86; McKennan v. Pry, 6 Watts, 137; Beegle v. Wentz, 55 Pa. 369; Williams v. Kerr, 152 Pa. 560.

*Joseph de F. Junkin, Ernest H. Davis* with him, for appellees, cited, Fowler's Ap., 87 Pa. 449.

| 154 | 473 |
| f220 | 321 |

## KALLE v. SIBBALD.

PER CURIAM, April 3, 1893:

The plaintiffs alleged the existence of a fraudulent combination between the defendants, which resulted in giving Sibbald the title to the real estate sold, for twenty-five hundred dollars less than the apparent amount of his bid. This difference was the advantage which Sibbald's knowledge, derived from his co-defendants, gave him over other bidders.

After the bill was filed he paid over this difference with the interest thereon to the assignee. This made the actual cost of the property to him correspond exactly with the apparent cost. Under such circumstances we agree with the learned master that the decree asked for should be refused.

The decree is therefore affirmed except so far as it relates to costs, and it is ordered that the record costs, including the master's fees, be paid by the parties jointly, and the costs of the respective parties be paid by the party who made them.

## BOSTON DYEWOOD & CHEMICAL CO. v. SIBBALD.

PER CURIAM, April 3, 1893:

The decree of the court below is affirmed except as to costs; and it is now ordered that the record costs including the master's fee be paid by the parties jointly, and that no bill be taxed for either party.

## Miller, Appellant, *v.* Cornwall R. R.

| 154 | 473 |
| Case 2 | |
| 206 | ¹504 |

| 154 | 473 |
| Case 2 | |
| d208 | ¹632 |

*Negligence—Railroad—Fellow servants—Act of April 4, 1868.*

A person employed by the individual owner of cars run on a railroad, under a contract with the railroad company, is, when in charge of the cars, an employee of the railroad company within the meaning of the act of April 4, 1868, P. L. 58.

*Negligence—Defective guard rail—Excessive speed—Evidence.*

In an action against a railroad company to recover damages for personal injuries, plaintiff, who was in the position of an employee, claimed that the accident was caused either by a defective guard rail, or by the excessive speed of the train around a curve. Plaintiff did not describe the position of the rail on the day of the accident, but as it was "a few days" or "several days" or "a couple of days" before that time; while the testimony of defendant's witnesses was positive and uncontradicted that a new rail had been put in proper position on the day before the accident. *Held,* that the evidence as to the defect in the rail was insufficient, and that if the accident was caused by excessive speed it was due to the negligence of a fellow servant, and that on neither of the grounds alleged was it proper to submit the case to the jury.

Argued Feb. 15, 1893. Appeal, No. 275, Jan. T., 1893, by plaintiff, Lewis Miller, from judgment of C. P. Lebanon Co., for defendant, non obstante veredicto. Before Paxson, C. J., Sterrett, Green, Williams and McCollum, JJ.

Trespass for personal injuries caused by defendant's negligence.

At the trial, before McPherson, J., it appeared that plaintiff was an employee of Coleman & Brock, proprietors of the North Lebanon furnaces. The ore for the supply of the furnaces was obtained from the Cornwall Ore Bank by way of defendant's railroad under a traffic agreement requiring the owners of the furnace to furnish their own cars and a man to take charge of them. Plaintiff was injured while in charge of the cars of his employers on the railroad. He claimed that his injuries were caused either by a defective guard rail, or by the running of the train at an excessive speed around a curve. He did not describe the condition of the rail on the day of the accident, but as it was "a few days" or "several days" or "a couple of days" before that time; while the testimony of defendant's witnesses was positive and uncontradicted that a new rail had been put up in proper position on the day before the accident.

Plaintiff's points were among others as follows:

"1. Lewis Miller, the plaintiff, was a passenger on the train when he received his injury." Refused. [1]

"2. The act of April 4, 1868, is unconstitutional and void." Refused. [2]

Verdict for plaintiff subject to the question reserved as to

whether there was any evidence of defendant's negligence to go to the jury.   The court subsequently entered judgment for defendant, non obstante veredicto.

*Errors assigned* were (1, 2) instructions, quoting them; (5) entry of judgment.

*A. Frank Seltzer, B. Morris Strouse* with him, for appellant.—Plaintiff was a passenger: P. R. R. Co. v. Henderson, 51 Pa. 315; Cumberland Valley R. R. v. Myers, 55 Pa. 288; O'Donnell v. Allegheny Valley R. R., 59 Pa. 239; Blair v. The Erie R. R., 66 N. Y. 313; Yeomans v. The Contra Costa Steam Navigation Co., 44 Cal. 71.   Defendant was negligent: P. R. R. v. Barnett, 59 Pa. 259; Johnson v. Bruner, 61 Pa. 58; McKee v. Bidwell, 74 Pa. 218; Crissey v. Pass. Ry., 75 Pa. 83; Neslie v. Pass. Ry., 113 Pa. 300; Pass. Ry. v. Foxley, 107 Pa. 537; West Chester, etc., R. R. v. McElwee, 67 Pa. 311; Smyth v. Craig, 3 W. & S. 14; Bevan v. Ins. Co., 9 W. & S. 187; Maynes v. Atwater, 88 Pa. 496.

*Howard C. Shirk,* for appellee, not heard, cited, on the status of plaintiff: P. R. R. v. Price, 96 Pa. 256.   As to the negligence of defendant: Titus v. R. R., 136 Pa. 618; P. &. R. R. R. v. Hughes, 119 Pa. 301; Wood on Master and Servant, § 382; Grimont v. Hartman, 17 W. N. 252; Campbell v. P. R. R., 17 W. N. 73; Erie & W. V. R. v. Smith, 125 Pa. 259; Burrell v. Gowen, 134 Pa. 527.

PER CURIAM, February 27, 1893:
Judgment affirmed.

Hagner, Appellant, *v.* Pa. Schuylkill Valley R. R.

*Railroads—Location—Eminent domain.*

The act of location of a railroad is also the act of appropriation.   The space covered by the line as located is thereby seized and appropriated to the purposes of the construction and operation of the railroad by virtue of the power of eminent domain, and nothing remains to be done except to compensate the owner: Williamsport R. R. v. Phila. & Erie R. R., 141 Pa. 407.