# Kelly v. Union Traction Company, Appellant.

*Negligence—Street railways—Master and servant—Fellow-servant—Act of April 4, 1868, P. L. 58.*

In an action by a conductor of a street railway company against another street railway company to recover damages for personal injuries sustained by the negligence of a motorman of the second company, the Act of April 4, 1868, P. L. 58, relating to injuries sustained by persons " while lawfully engaged or employed on or about the roads, works, depots and premises of a railroad company," does not apply, where it appears that the two companies by an arrangement between them jointly used double tracks in a street, and that the plaintiff while at work at the terminus in the act of putting up the fender of his car was struck by a car of the defendant which, owing to the negligence of its motorman who failed to

turn a switch connecting the two tracks, ran onto the south track, where the plaintiff was standing instead of the north track where it should have gone, and struck him.  In such a case the road is the road of the company using it, and an employee of that company lawfully engaged in its service cannot be said to be employed about the road of the other company.

Argued March 29, 1901.  Appeal, No. 14, Jan. T., 1901, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1896, No. 63, on trial by court without a jury in case of John Kelly v. Union Traction Company.  Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ.  Affirmed.

Trespass for personal injuries.

The case was tried without a jury under the act of April 22, 1874, by PENNYPACKER, P. J.

The facts appear by the opinion of the Supreme Court.

Judgment for plaintiff for $7,500.  The defendant appealed.

*Error assigned* was as follows: "The learned court erred in holding, assuming that the purpose of the act of 1868 was to include city passenger railway companies, that under the circumstances as they appeared from the evidence, the act does not apply."

*Thomas Leaming*, with him *Charles Biddle*, for appellant.— The act of 1868 applies to this case: Spisak v. B. & O. R. R. Co., 152 Pa. 281; Mulherrin v. Del., Lack. & Western R. R. Co., 81 Pa. 366; Kirby v. Penna. R. R. Co., 76 Pa. 506; B. & O. R. R. Co. v. Colvin, 118 Pa. 230; Cummings v. Pittsburg, etc., R. R. Co., 92 Pa. 82.

The act applies to all railroads: Gyger v. Phila., etc., Pass. Ry. Co., 136 Pa. 104; Hestonville, etc., Pass. R. R. Co. v. Phila., 89 Pa. 210; Old Colony Trust Co. v. Allentown, etc., Rapid Transit Co., 192 Pa. 596.

*J. Martin Rommel*, for appellee.—The act of 1868 does not apply: Spisak v. B. & O. R. R. Co., 152 Pa. 281; Vanatta v. Central R. R. Company of New Jersey, 154 Pa. 262; Noll v. P. & R. R. R. Co., 163 Pa. 504; Kunsman v. Lehigh Valley R. R. Co., 10 Pa. Superior Ct., 1; Werst v. Lehigh Valley R. R. Co., 190 Pa. 482.

The very provisions of the act of 1868 seem to demonstrate beyond question that the term railroad was used therein by the legislature in a restricted sense, and that it was not intended to include passenger railways operating upon city streets.

OPINION BY MR. JUSTICE MESTREZAT, May 13, 1901 :

This case was heard and determined by the court below under the act of April 22, 1874. The defense is rested solely upon the Act of April 4, 1868, P. L. 58, Purd. 1604, pls. 6, 7. The first section of the act provides as follows : " When any person shall sustain personal injury or loss of life while lawfully engaged or employed on or about the roads, works, depots and premises of a railroad company, or in or about any train or car therein or thereon, of which company such person is not an employee, the right of action and recovery in all such cases against the company shall be such only as would exist if such person were an employee: Provided, that this section shall not apply to passengers." The trial judge held that the act had no application to the facts of this case and entered judgment in favor of the plaintiff. We agree with his conclusion.

Arch street in Philadelphia runs east and west and has two passenger railway tracks laid on it from Tenth street to Front street. The cars run east on the south track and west on the north track. Near Front street, the south track was connected with the north track by two switches, about seventy feet apart, extending northwestwardly. The tracks and switches were used by the defendant company in the operation of its railway cars. They were also used by the Hestonville, Mantua & Fairmount Passenger Railway Company for the operation of its cars under a contract with the Philadelphia Traction Company. Electric trolley cars were used by both companies. When coming east on Arch street, it was the duty of the motorman to stop his empty car east of the easternmost switch, and that of the motorman on the following car to stop his car east of the westernmost switch. The conductor would then reverse the trolley pole and put up the fender on the eastern end of the car so that each car could go west through its switch on the northern track. The motorman was required to shift his switch before he started his car westward. John Kelly, the plaintiff,

was employed as a conductor by the Hestonville Company, and while in charge of one of its cars on the morning of February 21, 1896, was injured. Immediately before the accident, a car of the defendant company was standing east of the easternmost switch and a car of the Hestonville Company in charge of the plaintiff was standing just east of the westernmost switch, both cars being on the south track. The plaintiff while standing in the street behind the easternmost end of his car with his back to the defendant's car, in the act of putting up the fender of his car, was struck by defendant's car which, by reason of the failure of the motorman in charge of said car to turn the easternmost switch, ran west on the south track.

Such is a summary of the facts found by the learned trial judge upon which the question here must be determined.

In Mulherrin v. Delaware, Lackawanna & Western Railroad Company, 81 Pa. 366, the defendant company had by agreement a right of trackage over the parallel tracks of another company in whose service the plaintiff was engaged when he was injured. While in the discharge of his duty as a brakeman of the other company, he was struck by an engine of the defendant company while it was passing over the tracks it used by agreement with the other company. It was held that the act of 1868 applied and prevented a recovery. In concluding the opinion of the court Mr. Justice PAXSON says: " He (the plaintiff) was not an employee of the defendants, but he was employed on or about their road. The fact that the defendants were only entitled to track rights to the road is not material. This is not a question of the extent of their title. It was the road of the defendants for the purpose of moving their trains, which is sufficient to bring the case within the act of 1868." The same principle is reiterated in Cummings v. Pittsburg, Cincinnati & St. Louis Railway Company, 92 Pa. 82. There it is said by the court that " the side track here, though upon the property of the plaintiff's employer, was nevertheless used by the defendant and by his license. The plaintiff below was therefore employed on or about the defendant's road, and within the very terms of the act of 1868." It is therefore settled that the road on or about which the accident occurs need not be owned by the defendant company to bring it within the terms of the act of 1868, but the use, by agreement, of the road of another company by

the defendant company makes it the latter's road in contemplation of the act. Applying this rule to the case in hand, the south track on Arch street and especially that part of it at the place of the accident, being in the use of the Hestonville Company, was the road of that company within the terms of the act and was not the road of the defendant company. The south track was essentially the road of the company whose cars were running east. Neither company used that track for west-bound cars and when used for east-bound traffic it became the road of the company so using it. When, therefore, the plaintiff was injured he was lawfully engaged in the service of his employer, the Hestonville Company, on or about its road, and not on or about the road of the defendant company. The track at that point was in the use of the Hestonville Company and therefore had, by agreement of the parties, become for the time being the road of that company. Its employees in the operation of its cars had a right to be there and they could enforce their right to protection against the negligence of everyone save the co-employees of that company.

It follows, therefore, that as the plaintiff was not engaged on or about the road of the defendant company or in or about any car thereon at the time he was injured by the negligence of its servant, the act of 1868 does not make him a quasi employee of the defendant and hence it cannot be invoked as a defense to this action.

The assignment of error is overruled and the judgment is affirmed.