# McCaul's Estate.

*Contract—Course of business—Architect—Contractor.*

An architect cannot recover from the estate of a deceased builder for services in preparing plans for a store building, where the evidence shows that the builder never constructed the building, and that the uniform course of business between the deceased and the architect was for the latter to prepare drawings and plans for buildings, but to receive no pay therefor unless the deceased did the work under them.

Argued March 24, 1903.    Appeal, No. 329, Jan. T., 1902, by Robert C. Clarkson, from decree of O. C. Phila. Co., Jan. T., 1902, No. 495, sustaining exceptions to adjudication in estate of Charles McCaul, deceased. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to adjudication.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in sustaining exceptions to adjudication.

*Francis Shunk Brown*, of *Simpson & Brown*, with him *Ira J. Williams*, for appellant.

*John G. Johnson*, for appellee.

OPINION BY MR. JUSTICE FELL, July 9, 1903:

This appeal is from an order of the orphans' court disallowing a claim for $20,000 for services in preparing plans for a store building.   The question presented at the audit was purely one of fact.   The appellant's claim was on a quantum meruit, and rested on proof of the services performed and of their value based on the architect's schedule of prices.

Omitting unnecessary details, the facts established in defense were as follows : Charles McCaul, the decedent, was a builder of exceptional skill and experience.   A few months before his death he entered into a contract with John Wanamaker to furnish the plans for and superintend in all its details the construction of a building which was to cover an entire block and cost several million dollars.   He was to be paid for his services a percentage of the total cost of the building.   His first duty under the agreement was to furnish plans for Mr. Wanamaker's approval.   Until this was done he would earn nothing under the agreement, and unless he succeeded in furnishing plans with which Mr. Wanamaker was satisfied, the whole agreement would fall.   Mr. McCaul died before plans for the whole building were prepared, and before plans for any part of it were approved, and the contract was unperformed and impossible of performance.   The appellant, at the instance of Mr. McCaul, and with the approval of Mr. Wanamaker, undertook the preparation of plans for the mechanical plant of the building.   One of his assistants, to whom he paid $100 a month, was put at this work.   Preliminary drawings were prepared and submitted to Mr. Wanamaker, but they were not approved by him because they involved an expenditure for the mechanical plant which in his judgment was out of proportion to the contemplated cost of the whole building.   The appellant was Mr. McCaul's mechanical engineer, not under a continued employment, but employed whenever his services

were required. He had prepared drawings and plans for a number of large buildings at the request of Mr. McCaul, and between them there was an understanding, clearly shown by indubitable evidence, that he was not to charge for plans furnished by him unless Mr. McCaul did the work under them. The drawings furnished in this case were only tentative. The assistant who prepared them testified that they were to be submitted to Mr. Wanamaker to see if he would like them, and if he did not like them they would be thrown away and a new set made. Presumably the agreement that had existed for years without interruption continued, and these drawings were made under it. It is inconceivable that it should have been otherwise, and that Mr. McCaul under any other agreement incurred a liability for $20,000 for drawings that might never be of the slightest value to him. There is not a word of testimony that shook this presumption. The whole evidence tended to show the continuance of the relation under the same terms as to payment.

The decree is affirmed.