DELAWARE & HUDSON CO. v. YARRINGTON.

(Circuit Court of Appeals, Third Circuit. January 30, 1907.)

No. 3.

RAILROADS—ACTION FOR INJURY IN COLLISION—PENNSYLVANIA STATUTE.

Plaintiff, while riding as a mail agent in a car of one railroad company forming part of a train being operated by it on its own road, was injured in a collision between such train and a train of defendant company, which was on the same track. Defendant had the right by contract to use such track with its trains at certain times, but not at the time and place of the accident; its train being wrongfully there on the time of the train on which plaintiff was riding. *Held*, that the case was not governed by Act Pa. April 4, 1868 (P. L. 58), which provides that any person injured while lawfully engaged or employed "on or about the road, works, depots and premises of a railroad company," and who is not an employé or passenger of said company, shall have the same right of action and recovery against it as would exist if he were an employé, since the track was not at the time the premises of defendant, whose train was there without right.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, § 886.]

In Error to the Circuit Court of the United States for the Middle District of Pennsylvania.

For opinion below, see 143 Fed. 565.

J. H. Torrey, for plaintiff in error.

W. D. B. Ainey, for defendant in error.

Before GRAY and BUFFINGTON, Circuit Judges, and LANNING, District Judge.

BUFFINGTON, Circuit Judge. This is a writ of error to the Circuit Court for the Middle District of Pennsylvania. In that court Yarrington, in this opinion designated as "plaintiff," brought suit against the Delaware & Hudson Company, designated as "defendant," to recover damages for personal injuries. The jury found a verdict for the plaintiff, and, judgment having been entered thereon, defendant sued out this writ of error.

Plaintiff was employed as route agent in a mail car on a train on the Erie Railroad running from Susquehanna to Carbondale. When nearing Carbondale yard his train ran into the rear end of a train of defendant, and plaintiff was injured. The roadbed, where the accident occurred, belonged to the Erie, but defendant had trackage rights thereon. At the time of this accident, however, the Erie train had the right of way, and the defendant's train was running without right on the Erie train's track and on its time. As stated in defendant's counsel's brief:

"We are to assume, for the purpose of this discussion, he (Yarrington) was injured by the fault of the men in charge of the train and engine of the plaintiff in error."

That fault or negligence was its unwarrantably obstructing the passageway of the Erie train. Under these facts the right of the plaintiff to recover is clear, unless his recovery is precluded by the Pennsylvania statute of April 4, 1868, which provides:

"That when any person shall sustain personal injury or loss of life while lawfully engaged or employed on or about the road, works, depots, and premises of a railroad company, or in or about any train or car therein or thereon, of which company such person is not an employé, the right of action and recovery in all such cases against the company shall be such a one as would exist if such person were an employé; provided that this action shall not apply to passengers." P. L. 58.

In Pennsylvania Railroad Company v. Price, 96 Pa. 256, the Supreme Court of Pennsylvania held a railway route agent was not a passenger within the exception to this statute. Assuming, for present purposes, that we are bound by such construction, although that question is not before us, do the facts of the present case bring Yarrington within the other provisions of the act? To us it is clear they do not. True, the track where the accident occurred was at times in the lawful use of the Delaware & Hudson Company, and at those times it is, for the purposes of this act, considered its track. "It is settled," says the court in Kelly v. Union Traction Company, 199 Pa. 322, 49 Atl. 70, "that the railroad on or about which the accident occurs need not be owned by the defendant company to bring it within the terms of the act of 1868; but the use, by agreement, of the road of another company by the defendant company makes it the latter's road in contemplation of the act." But, on the other hand, it is equally clear that, when the Erie train had the exclusive right of way over it, the defendant had no right at such time to occupy and obstruct that particular

track. It follows, therefore, that the roadbed where this accident occurred, and at the time it occurred, was not then the road or premises of the defendant, and the plaintiff was, therefore, not employed on or about defendant's road. Consequently the act of 1868 has no application.

The cases especially urged by defendant's counsel to support an opposite conclusion do not do so when analyzed. In Mulherrin v. Railroad, 81 Pa. 366, the defendant's train was on a track and at a time when and where it had the exclusive right to its use. Mulherrin had no right to be on that track. In no aspect of the case could he recover. If he was a trespasser, clearly under the general principles of law he could not (Railroad v. Norton, 24 Pa. 465, 64 Am. Dec. 672); and if, however, he was regarded as lawfully employed on or about the road of the defendant company, the act of 1868 applied, and forbade his recovery for injuries caused by the negligence of the employés of that company. This is in accord with the construction placed on this case by the Supreme Court of Pennsylvania in Keck v. Phila. & Reading R. R. Co., 206 Pa. 506, 56 Atl. 47, where it is said:

"Even Mulherrin v. Del. & R. R. Co., 81 Pa. 366, where the facts are not very clearly stated with reference to this point, which was not raised, when carefully examined, shows that it is in accord. Plaintiff got off his train to open a switch in the performance of his duty, and his train passed on. He waited until it returned on another track, and then walked down the first track on his way to rejoin his train, and while so walking was struck by the train of the other company. The track on which he walked was the property of his road, and if he had been injured by the other train while in the performance of his duty on it he would have had his action. But at the time of the accident his train had passed off that track, which had become temporarily the property of the other company, the defendant, by the entry of its train. Plaintiff, therefore, was walking on defendant's track, and was rightfully held guilty of contributory negligence, as well as having his case come within the act of 1868."

Seeing, then, that the defendant company had at the time and place of this accident no right whatever to occupy this track, and that it was guilty of negligence in obstructing the passage of the train on which plaintiff rode, we hold the act of 1868 had no application, that there was no error in the court refusing to direct a verdict for defendant, and that this judgment must be affirmed.