PHILADELPHIA & R. R. CO. v. BAKER.

(Circuit Court of Appeals, Third Circuit. May 13, 1907.)

No. 27.

1. RAILROADS—ACTION FOR INJURY IN COLLISION—PENNSYLVANIA STATUTE.

Act Pa. April 4, 1868 (P. L. 58), which provides that, when any person shall sustain personal injury or loss of life while lawfully engaged or employed "on or about the road, work, depots and premises of a railroad company" of which company such person is not an employé or passenger, the right of action and recovery shall be the same as would exist if such person were an employé, does not prevent a recovery from a railroad company for the death of an engineer in the employ of another company, who, while running a train of such company over a track of defendant, under an agreement which gave it the right of way, was killed in a collision with a train of defendant negligently being run upon the same track, since the track was not at the time the premises of defendant, whose train was there without right, but of the lessee.

2. SAME—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

The charge of the court, in an action to recover for the death of a railroad engineer, killed in a collision between his train and a train of defendant company, held to have fairly submitted to the jury the question of contributory negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, § 951.]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinon below, see 149 Fed. 882.

Gavin W. Hart, for plaintiff in error.

Charles H. Edmunds, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, Sarah Jane Baker, a citizen of New Jersey, brought suit against the Philadelphia & Reading Railroad Company, a citizen of Pennsylvania, to recover damages for the death of her son, Henry K. Baker, which she alleged resulted from the negligence of that company. There was a verdict and judgment in her favor. Thereupon defendant sued out this writ of error.

Henry K. Baker was a locomotive engineer, employed by the Central Railroad Company of New Jersey. At the time of his death his engine was hauling a train of freight cars for that company from Jersey City to Philadelphia. The latter portion of the run was made under a trackage arrangement between the two companies over the tracks of the defendant. After Baker's train approached Tabor Junction, he was signaled by the defendant company's tower man to take the south-bound track of the defendant company. While running thereon, at a point south of the signal tower, Baker's engine struck the engine of a local freight train of the defendant company which was passing from the south to the north bound track. This Reading train had not only no right on the south-bound track at the time, but it violated the rules of that road in having no flagman out to warn approaching trains.

It is thus clear that Baker's death was caused by the negligence of the Reading Road's employés, and that company was justly held responsible for damages unless, by virtue of the Pennsylvania statute of April 4, 1868 (P. L. 58), Henry K. Baker is held to be an employé of the Reading Road, and the negligence of its employés treated as that of his co-employés. This statute provides:

"That when any person shall sustain personal injury or loss of life while lawfully engaged or employed on or about the road, works, depots and premises of a railroad company, or in or about any train or car therein or thereon, of which company such person is not an employé, the right of action and recovery in all such cases against the company shall be such a one as would exist if such person were an employé; provided that this section shall not apply to passengers."

It was lately before us in Delaware & Hudson Company v. Yarrington, 152 Fed. 396. We there said:

"Seeing then that the defendant company had at the time and place of this accident no right whatever to occupy this tract, and that it was guilty of negligence in obstructing the passage of the train on which plaintiff rode, we hold the act had no application."

That case controls the present, for here, as there, the track where the accident occurred, while the property of the Reading Company, was, when the accident occurred, the property for the time being of the Central Railroad of New Jersey. The court below therefore rightly held the act of 1868 did not apply.

Objection is made that the court excluded from the jury considera-

tion of Baker's alleged contributory negligence in exceeding a proper speed limit, in saying in reference to him: "There is no evidence that he did not proceed carefully; but, at any rate, he proceeded." Standing alone, this sentence might be open to such charge; but, when this statement is considered in the light of the whole charge, it did not have the effect complained of. The jury were instructed, if the signal gave Baker the right to go ahead, and assured him he had a clear track, still "he was required to use the ordinary and usual care, even under those circumstances." Attention was called to the fact that, while there was no evidence of Baker's negligence in running the train (by which we understand the court referred to his handling the engine, keeping lookout, etc.), "there is evidence that he was going at the rate of 15 miles an hour." After reciting the conflicting testimony on that point, the court then left to the jury what inference was to be drawn by the inquiry:

"Is there any evidence from which the inference could be drawn that Henry K. Baker was negligent in the way and at the speed he ran his train?"

And following this the jury was told:

"If you find from the evidence he was not negligent, but that there was negligence on the part of either the man in the tower or the crew running the shifting engine, and if there was negligence of either or both together, then this company would be responsible for the death of Henry K. Baker under the law."

Under this charge we think the questions involved were fairly submitted, and the judgment should be affirmed.