# Hunt, Appellant, *v.* Philadelphia & Reading Railway Company (No. 1).

*Practice, C. P.—Motion for judgment non obstante veredicto—Duty of court to file opinion—Act of April 22, 1905, P. L. 286.*

1. Where under the Act of April 22, 1905, P. L. 286, the court in banc enters a judgment non obstante veredicto, it is the duty of the court in entering the judgment to point out in an opinion the evidence which sustains it in setting aside the verdict and in holding that the evidence does not sustain the verdict of the jury.

*Negligence—Railroads—Brakeman.*

2. In an action by a brakeman against a railroad company, not his own employer, to recover damages for personal injuries, it appeared that the plaintiff was working on a train belonging to his own company, and operated on its tracks. An engine of the defendant negligently pushed some cars against the train on which the plaintiff was working, and in the collision plaintiff was injured. There was evidence given by trainmen who saw the occurrence that the engine was the property of the defendant company, and that the name of the company was marked upon it. One of the witnesses testified as to the identity of the engineer upon it. *Held,* that the evidence was sufficient to submit to the jury on the question of identification of the engine and engineer.

3. In a negligence case against a railroad company it is immaterial that the witnesses do not give the full corporate title of the company when they refer to the company in their testimony. If they give an abbreviated form of the name by which the company is popularly known, that is all that is necessary.

Argued March 30, 1909. Appeal, No. 214, Jan. T., 1908, by plaintiff, from judgment of C. P. No. 1, Phila. Co., March T., 1907, No. 2,490, for defendant non obstante veredicto in case of Howard A. Hunt v. Philadelphia & Reading Railway Company. Before MITCHELL, C. J., FELL, MESTREZAT, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before KINSEY, J.

The facts are stated in the opinion of the Supreme Court.

At the trial the jury returned a verdict in favor of plaintiff

for $8,000. Subsequently on motion the court in banc entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Thomas Leaming,* with him *John R. K. Scott,* for appellant. —It is undisputed that the negligence of defendant's engineer produced the collision. This cast upon defendant the burden of rebutting the proof of negligence, or of showing that the engineer was not its servant: Catawissa R. R. Co. v. Armstrong, 49 Pa. 186; Penna. R. R. Co. v. McHugo, 35 Legal Int. 62; Baker v. Railway Co., 149 Fed. Repr. 882.

There was complete identification of the defendant's engine and engineer, and ample proof that he was acting within the scope of his employment: Sarver v. Mitchell, 35 Pa. Superior Ct. 69.

*Wm. Clark Mason,* with him *Gavin W. Hart,* for appellee, cited: Lotz v. Hanlon, 217 Pa. 339.

OPINION BY MR. JUSTICE MESTREZAT, May 10, 1909:

As suggested by the learned counsel for the appellee, there is but a single question presented for consideration on this appeal and that is whether there was any "evidence that the defendant was in control of the operation of that engine (which caused the accident) or in any way connected with it." The trial judge held there was sufficient evidence of this fact to go to the jury, saying: "This case is purely for the exercise of your functions, and it is not necessary for the court to at any length review the facts which as far as they go are uncontradicted." At the conclusion of the plaintiff's testimony, the defendant moved the court for a nonsuit on the ground that there was no evidence to warrant the jury in finding that the engine which was alleged to be the cause of the plaintiff's injuries was in control of the defendant company. The motion was denied, the case was submitted to the jury and a verdict was returned for the plaintiff. Subsequently on motion of

counsel, the court entered a judgment non obstante veredicto in favor of the defendant. In entering this judgment the court filed no opinion and assigned no reasons for its action. In the recent case of Rankin v. Rankin, ante, p. 514, the court of common pleas No. 2 of Philadelphia county sustained exceptions to a master's report without filing an opinion or assigning reasons therefor. It was held that the trial court had failed to perform its duty, that it should have filed an opinion setting forth its reasons for its action in reversing the master and the case was remanded with directions to the court to file such opinion. In the present case the judgment was entered under the provisions of the Act of April 22, 1905, P. L. 286. This act provides that where binding instructions have been refused, the party presenting the request for such instructions may move the court to have all the evidence taken upon the trial duly certified and filed, and for judgment non obstante veredicto thereon; and that thereupon "it shall be the duty of the court, if it does not grant a new trial, to so certify the evidence, and to enter such judgment as should have been entered upon that evidence." Where, therefore, judgment is entered notwithstanding the verdict, it must be "such judgment as should have been entered upon that evidence," and hence it is the duty of the court in entering the judgment to point out in an opinion the evidence which sustains it in setting aside the verdict and in holding that the evidence does not sustain the verdict of the jury. The judge having ruled on the trial of the cause that the evidence of the plaintiff's claim was sufficient to submit to the jury, justice to him as well as to the defeated litigant requires the court in banc when it enters a judgment non obstante veredicto to point out wherein the trial judge was in error in holding that the evidence was sufficient. The act of the court in entering judgment notwithstanding the verdict without assigning its reasons for reversing the trial judge is not judicial but arbitrary, and a violation of the manifest intent of the statute authorizing the judgment. The act of 1905 clearly contemplates that a judgment non obstante veredicto shall be entered upon the evidence submitted to the jury and filed of record, and the court is only warranted

in setting aside the verdict for sufficient reasons arising from the evidence. These reasons should necessarily be embraced in an opinion filed at the time the court enters the judgment.

The court below having failed to perform its duty in assigning reasons for its action in entering the judgment notwithstanding the verdict, the case should properly be remanded for that purpose. We would make an order to this effect if it were not for the fact that the judgment entered by the court is clearly erroneous and is wholly unsupported by the evidence which the judge held to be competent and admitted on the trial of the cause. This evidence is brief and in order to prevent further delay in the adjudication of the rights of the parties, we have concluded to pass at once upon the single question raised by the assignment which alleges error by the court "in granting defendant's motion for judgment non obstante veredicto."

We are clear that there was sufficient evidence to submit to the jury on the question of the defendant's control of the operation of the engine which caused the collision resulting in the plaintiff's injuries. It is conceded that the railroad tracks where the accident happened belonged to the Baltimore & Ohio Railroad Company. A train of about forty freight cars being hauled by the Baltimore & Ohio Company's locomotive stopped near Race street on the eastern side of the Schuylkill river in the city of Philadelphia. The train was divided, the locomotive and two cars going forward and the balance of the cars left standing on the track. The plaintiff was the head brakeman of the train and when it was divided, he assisted in shunting one of the two cars attached to the engine into the Race street siding, the two parts of the train being separated by a gap of six or eight car lengths. While he was thus engaged, an engine approached the rear of the cars left standing on the track, pushed them forward until they collided with the car which was being shunted into the Race street switch, causing a collision which resulted in the plaintiff's injuries. The plaintiff claims that this was an engine of the Philadelphia & Reading Railway Company, the defendant, and was at the time in the control of and was being operated by that com-

pany's servants. We think the testimony produced by the plaintiff and admitted by the court was sufficient to sustain its contention. The conductor in charge of the Baltimore & Ohio train was called as a witness and he testified that he had been working with this company three years and that he was familiar with the engines passing up and down this part of the company's tracks. He says he saw on those tracks engines marked "Philadelphia & Reading." "Q. Whose engine was it that was pushing the half of this train? A. The Philadelphia & Reading engine. Q. Did you know the engineer who was running the engine? A. A fellow named Seward. Q. Who did he work for? A. The Philadelphia & Reading. Q. I guess you knew the engine, too, didn't you? A. Yes, I knew it was a Philadelphia & Reading engine, of course." The rear brakeman on the Baltimore and Ohio train, manifestly an unwilling witness for the plaintiff, testified that it was his duty to protect the cars left standing on the track. He testifies that the engine which caused the collision came up to the rear of the train to make a coupling, that he signaled the engineer to stop, but he did not heed the signal. In his testimony he refers to the engineer in charge of the engine which made the coupling as "the Reading engineer."

We think this and the other evidence in the case was sufficient to submit to the jury on the question of the identification of the engine and the engineer. It does not detract from or weaken it that the witnesses in referring to the defendant company did not give its full corporate name. It may be that there are other corporations containing the words "Philadelphia & Reading," but they do not appear in this case, except in the argument of counsel. It is seldom that a witness in a railroad case or even the court gives the full corporate name of the railroad every time there is occasion to speak of the corporation in the progress of the trial. If a nonsuit is to be granted upon such a technicality, the public should have notice of it, as there is no such precedent to sustain it in the books. Any Philadelphia jury would understand in an action against the defendant company what a witness would mean in the use of the words "Philadelphia & Reading," "Read-

ing" the "Reading Railroad Company" or the "Reading Railway Company." While every person in Philadelphia and vicinity knows of the railroad operated by the defendant company yet he may not know whether the word "railroad" or "railway" is used in the corporate name. Very few persons indeed who if they should hear of one injured on the "Reading" would not at once know that he had been injured on the Philadelphia & Reading Railway. In fact, it is common experience that when the employees of a railroad speak of or testify in regard to any of the leading railroads they use a generally recognized abbreviated form for the full corporate name of the road. It is not within reason to believe that the witnesses who testified in this case did not refer to the defendant company in speaking of the engine which caused the plaintiff's injuries and that the jury did not so understand the witnesses.

If the jury were satisfied from the evidence that the engine responsible for the collision was owned by the defendant company and was being operated by its servants at the time of the accident, they may infer, in the absence of testimony to the contrary, that the engine was on the Baltimore & Ohio Company's road by consent of that company. It will not be presumed, under the circumstances of this case, that the defendant's servants in operating the engine on the Baltimore & Ohio tracks were trespassers, but rather that the engine was operated on the tracks in pursuance of a traffic arrangement between the two companies.

It is of course the duty of the plaintiff in this as well as in other cases to sustain his claim by competent evidence. We think he has done so and that if the defendant company desired to relieve itself from responsibility for the accident resulting in the plaintiff's injuries it should have produced testimony to meet the burden shifted to it by the plaintiff's evidence.

The judgment of the court below is reversed, and that court is directed to enter judgment upon the verdict.