# Hunt *v.* Philadelphia & Reading Railway Company, Appellant.

*Negligence—Railroads—Master and servant—Fellow servant—Act of April 4, 1868, P. L. 58.*

In an action against a railroad company to recover damages for personal injuries, where it appears that the defendant company was rightfully using the tracks of plaintiff's employer, another railroad company, the plaintiff is not a quasi employee of the defendant company within the contemplation of the Act of April 4, 1868, P. L. 58.

Argued Jan. 14, 1910. Appeal, No. 228, Jan. T., 1909, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1907, No. 2,490, on verdict for plaintiff in case of Howard A. Hunt v. Philadelphia & Reading Railway Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KINSEY, J.

The facts appear by the opinion of the Supreme Court, and by the former report of the case in 224 Pa. 604.

Verdict and judgment for plaintiff for $8,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Wm. Clarke Mason,* for appellant.

*Thomas Leaming,* with him *John R. K. Scott,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, February 21, 1910:

This action was tried before a jury and resulted in a verdict for the plaintiff. The trial judge refused binding instructions for the defendant company but the court in banc, on motion of counsel, subsequently entered judgment for the defendant under the Act of April 22, 1905, P. L. 286. The plaintiff appealed and assigned as error the granting of defendant's motion for judgment non obstante veredicto. The judgment was reversed by this court, and the trial court was directed to enter judgment upon the verdict: Hunt v. Philadelphia & Reading Railway Co., 224 Pa. 604. The judgment having been entered below as directed by this court, the defendant has taken this appeal and assigns for error the action of the court in declining to charge that "under all the evidence in this case your verdict must be for the defendant." It will, therefore, be observed that on the former appeal taken by the plaintiff we held that under the evidence the case was for the jury; and we are now asked to say on this appeal taken by the defendant company that the case was not for the jury and that the court should have directed a verdict for the defendant company. After a reargument and further consideration, we are not convinced that our former judgment is erroneous.

We did not discuss the effect of the Act of April 4, 1868, P. L. 58, in the opinion filed in the former case, as under our cases we regarded the question too clear to need discussion. That act provides that "when any person shall sustain personal injury or loss of life while lawfully engaged or employed on or about the roads . . . . and premises of a railroad company, . . . . of which company such person is not an employee, the right of action and recovery in all such cases against the company shall be such only as would exist if such person

were an employee." It appears from the evidence that the defendant company was using the tracks of the Baltimore & Ohio Railroad Co., and presumptively by the latter's permission, and hence at the time and place of the accident, they must be considered the property of the defendant. The plaintiff, an employee of the Baltimore & Ohio Railroad Co. and then engaged in its service, was therefore not employed on or about the defendant's road and was not a quasi employee of the defendant company within contemplation of the act of 1868. The facts of the case bring this branch of it within the doctrine of Kelly v. Union Traction Co., 199 Pa. 322, and Keck v. Philadelphia & Reading R. R. Co., 206 Pa. 501.

The judgment is affirmed.