# Barber Asphalt Paving Company, Appellant, *v.* Philadelphia.

*Contracts—Construction of the whole instrument—Municipal contract— Paving—Assessment bills.*

Where a municipal contract for paving provides in express terms that the city "shall pay for paving the intersection of cross streets and in front of unassessable property in warrants," and that for all other work the contractor should receive assessment bills on abutting property, which bills should be accepted as cash without recourse to the city if the bills should prove to be invalid, the acceptance by the contractor, under a misapprehension both by himself and the city, of assessment bills against nonassessable railroad property, will not preclude the contractor from collecting from the city in cash the amount represented by such assessment bills.

Argued Oct. 7, 1913. Appeal, No. 283, Oct. T., 1912, by plaintiff, from judgment of C. P. Phila. Co., Dec. T., 1911, No. 408, for defendant non obstante verdicto in case of Barber Asphalt Paving Company v. Philadelphia. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit for paving. Before AUDENRIED, J.

Verdict and judgment for plaintiff for $741.72. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant n. o. v.

*Walter Biddle Saul,* with him *E. O. Michener,* for appellant.

*Paul Reilly,* assistant city solicitor, with him *Thomas Boylan* and *Michael J. Ryan,* city solicitor, for appellee.

PER CURIAM, December 1, 1913:

It is conceded that the same questions are involved in this case as were involved in the case of Vulcanite Paving Co. v. Philadelphia, 239 Pa. 524. Therefore, the same order will be made here as was made there, thus preserving the defendant's right of appeal in accordance with the practice indicated in Hunt v. Phila. & Reading Ry. Co., 224 Pa. 604–610.

The judgment is reversed with instructions to the court below to enter judgment on the verdict.