## Miller, Appellant, *v.* Northern Central Railway Company.

*Negligence—Master and servant—Fellow servant—Act of April 4, 1868, P. L. 58.*

Where a siding is constructed for the sole use of a coal company, and on the siding the cars of a railroad company are operated by the employees of the latter company, an employee of the coal company who is killed by the negligence of the trainmen of the railroad company while he is repairing a railroad company's car on the siding of the coal company, is a fellow servant of the trainmen within the meaning of the Act of April 4, 1868, P. L. 58, and no damages can be allowed from the railroad company for his death.

Argued May 21, 1906.  Appeal, No. 167, Jan. T., 1906, by plaintiff, from order of C. P. Northumberland Co., Sept. T., 1904, No. 415, refusing to take off nonsuit in case of Joseph A. Miller v. The Northern Central Railway Company, Lessee of the Shamokin Valley & Pottsville Railroad Company.  Before MITCHELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ.  Affirmed.

Trespass to recover damages for death of plaintiff's son.  Before SAVIDGE, P. J.

At the trial it appeared that a son of the plaintiff, Casper C. Miller, aged about twenty-two years, was employed by the Mineral Railroad and Mining Company, a coal mining company, to repair cars on the company's siding.  The cars belonged to the defendant.  While engaged at work the trainmen employed by the defendant, without warning the deceased, pushed cars on to the siding with the result that the deceased was squeezed between two cars and so seriously injured that he died within a few hours.  The court entered a compulsory nonsuit on the ground that the deceased was a fellow servant of the trainmen within the meaning of the Act of April 4, 1868, P. L. 58.

*Error assigned* was refusal to take off nonsuit.

*W. H. Unger*, with him *U. G. Unger*, for appellant.—Miller was neither working on defendant's railroad nor doing railroad

work, hence was not within the Act of April 4, 1868, P. L. 58 : Keck v. R. R. Co., 206 Pa. 501 ; Spisak v. R. R. Co., 152 Pa. 281; Cohen v. R. R. Co., 211 Pa. 227 ; Schum v. R. R. Co., 107 Pa. 8 ; Penna. R. R. Co. v. Weiss, 87 Pa. 447 ; Butterman v. McClintic-Marshall Con. Co., 206 Pa. 82 ; Muckinhaupt v. Erie R. R. Co., 196 Pa. 213 ; Coolbroth v. Penna. R. R. Co., 209 Pa. 433; Shafer v. Lacock, 168 Pa. 497 ; Kitler v. Ry. Co., 27 Pa. Superior Ct. 602 ; Christman v. R. R. Co., 141 Pa. 610 ; Noll v. Phila. & R. R. Co., 163 Pa. 504 ; Richter v. Penna. Co., 104 Pa. 511 ; Hickey v. Solid Steel Casting Co., 212 Pa. 255.

*J. Simpson Kline* and *W. H. M. Oram,* for appellee.—The deceased was a fellow servant of the train hands of the defendant company, within the provision of the act of April 4, 1868 : Weaver v. Phila. & Reading Ry. Co., 202 Pa. 620 ; Cummings v. Ry. Co., 92 Pa. 82; Mulherrin v. R. R. Co., 81 Pa. 366; Stone v. Pennsylvania R. R. Co., 132 Pa. 206 ; Laporte v. Ry. Co., 209 Pa. 469.

OPINION BY MR. JUSTICE ELKIN, June 27, 1906 :

Three questions are raised by this appeal : the negligence of the appellee, the contributory negligence of the deceased son, and the application of the act of 1868. The court below entered a nonsuit on the first two grounds, but held that the deceased was not a fellow servant within the meaning of the above-mentioned act. Being of opinion that the case at bar is ruled by Weaver v. P. & R. Ry. Co., 202 Pa. 620, it will not be necessary to consider the other questions raised. In the case cited this court held that where an iron company constructs a siding on its own land on which the cars of a railroad company are to be operated by the employees of the railroad company, an employee of the iron company who is injured by the negligence of the trainmen of the railroad company while he is loading a railroad company's car on the siding of the iron company, is a fellow servant of the trainmen within the meaning of the act of 1868, and cannot recover damages from the railroad company for the injuries sustained.

The facts of the case at bar more strongly favor the appellee here. In that case the injured employee was engaged by the

iron company in loading the cars of the railroad company with the manufactured product of the iron company. In the case at bar the deceased son of appellant was a car patcher, whose duties required him to patch or repair the cars of the railroad company before they were loaded with coal for shipment. It is true as a matter of convenience he was paid by the coal company, but the work done was on the property of the railroad company, and was the kind of work ordinarily done by its employees. Under the rule of our cases the injured employee must be considered a fellow servant of the employees of the railroad company under the act of 1868.

The learned counsel for appellant contends that the case at bar comes more nearly within the rule of Spisak v. B. & O. R. R. Co., 152 Pa. 281. With this contention we do not agree. The distinction is manifest. In that case the injured party was a brakeman in the employ of the steel company, which owned and operated its own locomotive for shifting cars while they were being loaded and weighed in the yard of the steel company. When the railroad company shunted the cars on the siding of the steel company its duty ceased until they were loaded and ready to take out. The steel company exercised entire supervision in the operation of the locomotive and the control of the brakeman and others employed in shifting the cars while they were being loaded and weighed. It was during this time the accident occurred through the negligence of an employee of the railroad company. The brakeman who was injured, the yard boss at whose direction the car was moved, the engineer who ran the locomotive, and the other workmen were the employees of the steel company, engaged in the work of that company, and were not performing any duty for the railroad company. Under these circumstances, the court very properly held the injured party was not a fellow servant of the employees of the railroad company under the act of 1868. The facts of the case at bar so clearly distinguish it from that case that no useful purpose can be served by further consideration of them.

Assignments of error overruled and judgment affirmed.